Hatch, J.
The trial court found that the lease of the premises was made by the defendant, upon the request of the plaintiff. In so leasing, the defendant acted for himself and not as agent for the plaintiff. The evidence is sufficient to sustain this finding, consequently tho plaintiff is not to be deemed an original party to the lease, and the doctrine of agency finds no place in the disposition of this appeal. The other question raised by the appellant is not free from difficulty. The parol agreement and understanding between the parties, that plaintiff should pay one-half of the rent, and occupy the premises jointly with defendant, was void by the statute of frauds. The defendant in answer says, even if this be so, yet plaintiff having entered into possession of the premises, he became liable to pay rent for at least the period of one year. In support of this proposition, defendant relies upon, Reeder v. Sayre, 70 N. Y., 184, and Laughran v. Smith, 75 id., 209.
In these cases the court places its decision upon the ground, that where there has been use and occupation, following a lease void by the statute, the effect of such use and occupation is to create a tenancy from year to year, with the right to terminate such holding at the expiration of the year, on giving due notice. It will be noticed, however, that in each of the cases cited, there had been a holding for a longer period than one year from the 'date of entry, thus creating a yearly holding by operation of law and not by lease.
In Laughran v. Smith (supra), Justice Andrews states the rule as follows:
" This is the settled rule when a tenant rents under a lease for a year, and. holds over after the expiration of the term, the law from the continuance of the possession, implies a contract on the part of the tenant to renew the *242 tenancy for another year on the terms of the original holding.”
Unless this construction obtains it is difficult to see how-effect can be given to the decision in Thomas v. Nelson (69 N, Y., 118), where Justice Earl states the rule as follows:
“The statute (2 R. S., 135, § 3) declares that a parol contract for leasing land for a longer period than one year shall be void. ■ While such a contract is void, yet, if the tenant enters under it and occupies, he may be compelled to pay for the use and occupation of the premises. But it is difficult to perceive how such a contract, declared to be void by the statute, can be held to be valid for a single hour, or upon what principle a tenant, entering under a void lease, could be compelled, by virtue of the lease, to pay for a longer period than he actually occupied.”
In this case the question was squarely presented, as the tenant abandoned the premises before the expiration of a year from entry. It is true that the plaintiff there was allowed to recover, but that, for the reason, that upon the trial, assent was given that the lease was operative for a year. The case is cited with approval in Laughran v. Smith, supra.
In Prial v. Entwistle (10 Daly, 398) the precise point was decided.
In that case a verbal lease was made for a term to commence on the fifteenth day of April, and expire on the first day of May in the following year. The tenant entered into possession and continued to occupy until July of the year of entry, when he removed. Action was brought to recover rent for the residue of the term. It was held that the tenant was only liable for the period of occupancy.
Adopting this rule, it leads to an affirmance of this judgment.
Judgment affirmed, with costs.