ANNA M. GEIGER *against* FERDINAND BRAUN.

(Decided June 26th, 1876.)

Where the defendant made. an oral agreement for the hiring of premises for thirteen months, and after occupying them for two months vacated them: *Held*, in an action for rent for the two succeeding months, that the agreement for the hiring, being for more than a year, was void under the statute of frauds (2 R. S. 134, § 6); but that, until the termination of the thirteen months, the defendant was a tenant from month to month and could not quit without a month's notice to the landlord.

The case of *Gibbons* v. *Dayton* (4 Hun, 451) criticised and distinguished. Per CHARLES P. DALY, Ch. J.

APPEAL by plaintiff from judgment dismissing his complaint, rendered in an action in the Fourth District Court in the city of New York.

The action was brought to recover from the defendant the rent for June and July, 1875, of a portion of the premises No. 22 First avenue, in the city of New York.

On the trial, the plaintiff testified that the defendant, prior to April 1st, 1875, came to look at the third floor of the premises, and said he would take the rooms, and that the agreement between them was that the defendant " would occupy the

rooms from April 1st, 1875, until May 1st, 1876," and that he would pay $34 a month rent, payable in advance; that he moved to the rooms on April 1st, 1875, and vacated them the latter part of May, 1875; that he paid the rent for April and May, 1875, but paid no rent afterwards.

The justice held that the formal agreement for occupation from April 1st, 1875, to May 1st, 1876, being for more than a year, was void under the statute of frauds (2 R. S. 134, § 6), and dismissed the complaint.

*Henry Wehle*, for appellant.

*Gleason & Cator*, for respondent.

CHARLES P. DALY, Chief Justice.—The decision of the Court of Appeals, in *The People* v. *Darling* (47 N. Y. 666), is controlling in the present case. In that case the tenant occupied the premises for a year, paying the rent monthly, under an agreement void by the statute of frauds. The court held this to be a tenancy from month to month, which could be terminated only by a month's notice to quit. In the present case, the defendant went into possession under an oral agreement for thirteen months, at $34 a month, payable in advance. He entered into possession on the first of April, 1875. About April 29, 1875, he paid the rent for the months of April and May, and quit in the latter part of May, after an occupation of less than two months. This was undoubtedly under the decision of the Court of Appeals in the case above cited, a tenancy from month to month. It was very different from *Gibbons* v. *Dayton* (4 Hun, 451). Nothing appeared in that case to show the nature or contemplated duration of the tenancy, but the fact that at the beginning of each month a receipt was given for a month's rent payable in advance. The court, it is true, regarded it as a tenancy from month to month, in which neither party was required to give notice to the other, to terminate the tenancy, but the case may nevertheless be right, upon the assumption that the payment of a month's rent in advance, and the giving of a receipt therefor, showed nothing more than an agree-

ment for each month, which was renewed simply for a month further upon the payment of the rent in advance and the delivery of the receipt at the beginning of each month, in which case the tenancy terminated without notice at the end of each month, unless before, or at the beginning of the next month, it was renewed for a month further by the payment of the rent in advance.

Lord Mansfield said, in *Wright* v. *Darby* (1 T. R. 162), that where a lease is terminable on a certain event, or at a particular period, no notice to quit is necessary, because both parties are equally apprised of the determination of the term ; but where the agreement between the parties is for a month or less time, and the tenant has held over the term agreed upon, there should be notice to quit, though in such a case short notice would be sufficient. From which observation Williams, J., in *Jones* v. *Mills* (10 C. B. N. S. 802), was of the impression that where the tenancy was weekly a week's notice was necessary to terminate it. But Park, J., said, in *Huffell* v. *Armstead* (7 C. & P. 56), that he was not aware that it had ever been decided that in the case of an ordinary weekly or monthly tenancy, a week or a month's notice to quit must be given ; that the cases relied upon were not cases in support of such a proposition ; that a tenant who enters upon a fresh week may be bound to continue until the expiration of that week, or to pay the week's rent, which was a very different thing from giving a week's notice to quit. And assuming this to be a correct view of the law, it sustains the decision of the Supreme Court in *Gibbons* v. *Dayton* (*supra*) upon the assumption that the letting there was only for a month.

In the case, however, before us, though the agreement was void by statute, the understanding of the parties was, that the occupation was to be for thirteen months, at a certain rent per month, payable in advance. As we are bound, under the decisions of the Court of Appeals, to hold that such a tenancy is a tenancy from month to month, it was necessary that there should be a notice to quit to determine it, where the tenant wished to leave before the end of the thirteen months, and the Court of Appeals have held, in the case cited, that it should be

a notice of a month. Without it, the landlord has a right to assume that the tenant means to continue from month to month until the expiration at least of the period fixed upon by the parties. It is not compulsory for the tenant to remain for that period, nor obligatory upon the landlord to allow him to do so, as the agreement is void by statute, the agreement not being in writing. But the holding, by construction of law, not being for one month only, but from month to month, there must be a month's notice to quit to put an end to a tenancy.

The statute, applicable in this city does not apply in this case, as it declares that if no time is agreed upon as to the duration of the tenancy, it is a lease to continue until the first day of May next after possession under such agreement shall commence, and that the rent under it is payable at the usual quarter days, unless otherwise expressed in the agreement (1 Rev. Stat. 744, sec. 1).

Here there was an understanding as to the time of occupation in an agreement which was void by statute for not being in writing, an agreement from the acts and understanding of the parties for a tenancy at least from month to month, which required a month's notice to terminate it, if sought to be terminated before the expiration of the thirteen months. After that time no notice would be requisite, it being the understanding of both parties that the tenancy was to continue no longer than that period, or, to use the language of Lord Mansfield, n the case above cited ( *Wright* v. *Darby*, *supra*), " both parties being equally apprised that the occupation was to end at that period, whatever the nature of the tenancy might be within that period."

In this case it does not appear from the evidence, whether a month's notice to quit had been given or not, for the complaint was dismissed upon the plaintiff's case without requiring the defendant to give any evidence. This was erroneous, for the judge could not assume that the notice had been given. The proper course, therefore, is to reverse the judgment, which will enable the plaintiff to bring another action, where the defendant can show if such were the fact, that he terminated the tenancy by giving a month's notice to the landlord.

VAN HOESEN, J.—The letting was void, the agreement being oral, and the term specified being greater than one year. The tenant continued in possession after the first of May, paid rent for one month, and then abandoned the premises, without notice to the landlord, before the 1st of June, 1875. The law was at one time well-settled in England and in America, that a tenant entering under a lease void by the statute of frauds was a tenant from year to year (*Lee* v. *Smith*, 9 Exch. 663; *Taggard* v. *Roosevelt*, 8 How. Pr. 144). The Court of Appeals decided, however, in the case of *The People* v. *Darling* (47 N. Y. 666), that a tenant entering under a lease void by the statute of frauds, and paying monthly, was only a tenant from month to month.

That case also decided that a tenancy from month to month could be terminated only by a month's notice. No notice was given by the tenant in this case. The result is that the judgment of the District Court dismissing the plaintiff's complaint was erroneous. The case of *Gibbons* v. *Dayton* (4 Hun, 451) does not, in my opinion, bear upon the question here involved. In that case, the very words of the letting distinctly fixed the period of one month as the term beyond which the tenancy should not continue. It was said in *Atherstone* v. *Bostock* (2 Scott N. R. 637), and *Huffell* v. *Armstead* (7 C. & P. 56), that a weekly tenant might quit, at the expiration of any week, without notice, but *Jones* v. *Mills* (10 C. B. N. S. 788) seems to require a week's notice from a weekly tenant. The case of *The People* v. *Darling* appears to me to be in point, and to be controlling.

The judgment of the District Court should be reversed, with costs.

JOSEPH F. DALY, J., dissented on the ground that no notice to the landlord was necessary.

Judgment reversed.