JOHN LAUGHRAN, Respondent, *v.* ARNETT G. SMITH, Impleaded, etc., Appellant.

Although a parol lease for more than a year is void under the statute of frauds, (2 R. S., 135, § 68), if the tenant enters and occupies, the agreement regulates the terms on which the tenancy exists in all respects save as to the duration of the term.

Defendants executed a lease by which they agreed to take, as lessees, certain premises belonging to plaintiff for the term of five years from May 1, 1870, at the annual rent of $3,500, plaintiff did not execute the lease ; defendants entered and jointly occupied until August 1, 1872, paying rent monthly at the rate fixed. In an action to recover rent unpaid May 1, 1873, *held,* that the lease having been executed by the lessees only was void; that by the entry, occupation and payment of rent defendants became tenants from year to year, with the right to terminate the lease on the thirtieth of April of any year on giving due notice; that by remaining in possession after the first of May, in any year, they lost the right to terminate the tenancy before the expiration of a year from that date; that the fact that the rent was paid monthly could not, in

view of the other circumstances, establish a holding from month to month; and that therefore the lessees having remained in possession after May 1, 1872, became bound for another year, and could not terminate their liability by abandoning the possession before the expiration of the year.

Also *held,* that the facts that defendant S. ceased to occupy the premises August 1, 1872, that they were thereafter occupied by defendant G. and another, who succeeded S. in the business, and that plaintiff, with knowledge that defendant had ceased to occupy, collected and accepted from the occupants rent accruing subsequent to August 1, 1872, did not discharge S. from liability; they did not establish a surrender or a new letting.

The complaint alleged a written lease for five years; no question as to the pleadings was made upon the trial. *Held,* that the question of variance could not be raised on appeal in this court.

(Argued October 3, 1878; decided November 12, 1878.)

APPEAL from judgment of the General Term of the Supreme Court, in the third judicial department, in favor of plaintiff, entered upon an order overruling exceptions and directing judgment on a verdict. (Reported below, 11 Hun, 311.)

This action was brought to recover rent.

The complaint alleged that the parties entered into a written lease by which defendants leased of the plaintiff certain premises in Brooklyn for the term of five years, from May 1, 1870, at the yearly rent of $3,500, and claimed to recover rent accruing May 1, 1872. The defendant Smith alone appeared and answered.

The evidence disclosed that such a lease was drawn and executed by defendants, but was not executed by plaintiff. Defendants entered into possession of the premises, and occupied them until August 1, 1872.

The appellant's counsel offered to prove that on the day last mentioned defendant ceased to occupy the premises and no longer thereafter occupied them, but that they were occupied only by the defendant Grant and such person or persons as he chose to and did associate with him other than Smith; that during the period for which rent is claimed in this action, said Grant and his associates — not Smith — were the

only occupants of the premises, or any part thereof, and that from and after the 1st of August, 1872, this plaintiff had knowledge and notice of the fact that said Smith had retired from the occupation of the premises, and that plaintiff thereafter collected and accepted the rent from the parties then in occupancy with knowledge of that fact. This was objected to; objection sustained, and exception taken by defendant.

*Winchester Britton,* for appellant. The lease in suit not having been signed by the lessor was invalid. (*Doe dem. Marlow* v. *Wiggins,* 4 Q. B., 367; 3 G. & D., 504; 7 Jur., 529; 12 L. J. [Q. B.], 177; *Suprane* v. *Skurro,* Yelv., 18; 1 Platt on Leases, 9; *King* v. *Inhab'ts of Leicester,* 2 A. & E., 212; *Pitman* v. *Woodbury,* 3 Exch., 12, 13; *Swartman* v. *Ambler,* 8 id., 72; 3 R. S. [5th ed.], 220, §§ 6, 8; 2 R. S. [3d ed.], 134, 135, §§ 6, 8; *Putnam* v. *Woodbury,* 8 Exch., 12, 13; *Swartman* v. *Ambler,* id., 72; *Champlin* v. *Parish,* 11 Paige, 405; *Snyder* v. *Nufus,* 53 Barb., 66; *Annmeyer* v. *Lutheran Ch.,* 2 Sandf. Ch., 248; *Cleves* v. *Willoughby,* 7 Hill, 83, 85; *Miller* v. *Peletier,* 4 Edw. Ch., 105; id., 47 Barb., 172; affirmed, 36 N. Y. R., 537; *Gage* v. *Jaqueth,* 1 Lansing, 209; Bingham on Sales, Real Prop., p. 461; *Springsteen* v. *Powers,* 3 Robt., 486; *Miller* v. *Peletier, ante,* p. 176.) The instrument in suit not being a lease plaintiff could not recover — the tenancy was one at will and based wholly upon the mere occupancy and defendant had a right to terminate rent by termination of occupancy. (1 R. S., 748, § 26; *Dung* v. *Parker,* 52 N. Y. R., 494; 8 Cowen, 231; *Schuffelin* v. *Carpenter,* 15 Wend., 405; *Dorr* v. *Barney,* 12 Hun, 259; *People ex rel. Botsford* v. *Darling,* 47 N. Y. R., 666; *Prindle* v. *Anderson,* 19 Wend., 391; *Anderson* v. *Prindle,* 23 id., 616; *Thomas* v. *Nelson,* 69 N. Y. R., 121.) The act of collecting and accepting the rent from other parties in possession for eight months with knowledge of the landlord was evidence with the surrounding circumstances from which the jury could have found a surrender. (*Grimman* v. *Legge,* 8 Barn. & Cres., 324; *Stone* v. *Whiting,*

2 Starkey Rep., 235; *Whitehead* v. *Clifford*, 5 Taunt., 518; *Hammerlin* v. *Stead*, 3 Barn & Cres., 478; *Nickels* v. *Atherston*, 59 Eng. C. L , 943; *Smith* v. *Niver*, 2 Barb., 180; *Wall* v. *Atchison*, 24 Eng. C. L., 228; *Bedford* v. *Terhune*, 30 N. Y., 462--463.) Plaintiff was not entitled to recover under the allegations of his complaint. (2 R. S., 1101, § 5; 3 R. S. [6th ed.], 617, § 4; *Lyon* v. *Blossom*, 4 Duer, 319; *Barnes* v. *Quigley*, 59 N. Y., 265; *Kiersted* v. *O. and A. R. R. Company*, 69 id., 346; *Bedford* v. *Terhune*, 30 id., 453.)

*J. J. Perry*, for respondent. The complaint having charged occupancy upon its having been once shown, it will be presumed to have continued. (*Van Rensselaer* v. *Bonestiel*, 24 Barb., 365.) Under the rule that pleadings shall be liberally construed with a view to substantial justice between the parties the pleadings were sufficient. (*Prindle* v. *Caruthers*, 15 N. Y., 425; *Olcott* v. *Carroll*, 39 id., 436, Code, § 159.) Defendants were liable whether the lessor signed the lease or not, and it was proper to show occupation by defendant. *Merritt* v. *Classon*, 12 J. R., 106; *Feely* v. *Stewart*, 5 Sandf., 105; *Schuyler* v. *Leggett*, 2 Cow., 663; *Clayton* v. *Blakely*, 8 T. R., 3; *Doe* v. *Bell*, 5 id., 471; *Classon* v. *Bailey*, 14 J. R., 484; 16 Wend., 465; 26 id., 363.) The lease was binding on the defendants for five years and a seal was not requisite. (2 R. S., 134, §§ 6, 7; 3 R. S. [5th ed.], 220, § 6; id., 10, § 5; id., 29, § 157; *Halliday* v. *Marshall*, 7 J. R., 211; *Fry* v. *Phillips*, 5 Barr, 2832.) The fact of the appellant having allowed the co-defendant Grant to occupy the premises would not release either of the defendants from their liability to pay. (*Bedford* v. *Terhune*, 30 N. Y., 453.)

ANDREWS, J. The lease having been subscr ed by the lessees only, and not by the lessor, and being for a longer period than one year, was void, and created no estate or interest in the land, and imposed no obligation upon either of

the parties. (2 Rev. Stat., 135, §§ 6, 8.) But a tenancy was created by the entry of the lessees under the void agreement, and the character of this tenancy, is the principal point to be determined.

In some cases it has been said that a parol lease for a period longer than a year, is good as a lease for a year, but if by this it is meant that a contract which the statute declares void, may nevertheless take effect, and be enforced as if the term specified had been a year only, it is difficult to see how the proposition can be maintained consistently with the statute. (*Thomas* v. *Nelson*, 69 N. Y., 161.)

But although a parol lease for more than a year, is void, yet it has long been settled that when the tenant enters, and occupies, the agreement regulates the terms on which the tenancy subsists, in all respects, except as to the duration of the term. (*Doe* v. *Bell*, 5 T. R. 471; 1 Cruise Dig., 281–284.)

It is a reasonable inference in such case from the circumstances that the parties intended a tenancy on the terms of the original agreement, and the law implies a new contract between the parties corresponding therewith, so far as it is not in conflict with the statute. (*People* v. *Rickert*, 8 Cow., 226; *Schuyler* v. *Leggett*, 2 id., 660; *Greton* v. *Smith*, 33 N. Y., 245; *Clayton* v. *Blakey*, 8 T. R., 3.) In this case, the lessees by the writing subscribed by them, agreed to take the premises for five years from May 1, 1870, at the annual rent of $3,500. They entered and jointly occupied from that date until August 1, 1872, paying rent monthly at the rate fixed by the lease.

By the entry, occupation, and payment of rent they became tenants from year to year, with the right to terminate the lease on the thirtieth day of April of any year on giving due notice. (*Braythwayte* v. *Hitchcock*, 10 M. & W., 494. See, also, cases above cited.) But if they remained in possession after the first of May in any year they could not terminate the tenancy until the expiration of a year from that date.

This is the settled rule when a tenant enters under a lease for a year, and holds over after the expiration of the term. The law from the continuance of the possession, implies a contract on the part of the tenant to renew the tenancy for another year, on the terms of the original holding. (*Conway* v. *Starkweather*, 1 Den., 113; *Schuyler* v. *Smith*, 51 N. Y., 309.)

There seems to be no reason why the same rule should not apply, where although the original entry is not by virtue of an express letting for one or more years, the tenant has occupied and paid rent, and the circumstances show that the parties contemplated a yearly tenancy. That a yearly tenancy was contemplated by the parties in this case is the only inference justified by the facts. The parties had in view, as appears from the void agreement, a tenancy for years. The lessees entered under it. They occupied for several years, paying rent at the rate reserved in the written agreement. The fact that they paid it monthly, cannot in view of the other controlling circumstances be regarded as establishing the holding as from month to month. This may have been done for convenience, or other reason consistent with a yearly holding, which was the nature of the tenancy as the other circumstances establish.

The lessees therefore having remained in the occupation of the premises after the 1st of May, 1872, became bound for another year, and they could not by abandoning the possession before the expiration of the year terminate their liability for the rent for the unexpired term. (*Pugsley* v. *Aiken*, 11 N. Y., 494.)

This disposes of the claim made by the defendant that by leaving the premises on the first of August, he was discharged from liability for rent thereafter. Nor did the plaintiff by collecting and accepting from the co-tenant of the defendant, and the party who had succeeded to his interest in the business, carried on, on the leased premises, a part of the rent accruing subsequent to August 1, 1872, with knowledge that the defendant had ceased to occupy the premises, dis-

charge him from liability. It did not establish a surrender or a new letting.

The proof offered by defendant, if admitted, would not have justified a finding of a surrender, and was therefore properly rejected.

No question as to the pleadings was made on the trial. The only question there litigated, was as to the liability of the defendant, upon all the facts, for the rent due on the 1st of May, 1873.

The question of variance cannot now be raised. (*Bedford* v. *Terhune*, 30 N. Y., 453.)

The judgment should be affirmed.

All concur, except MILLER and EARL, JJ., absent at argument.

Judgment affirmed.