JAMES P. WILSON, Respondent, *against* JOHN TAYLOR, Appellant.

(Decided April 7th, 1879.) '

The statute (1 R. S. 744, § 1) which provides that "agreements for the occupation of lands or tenements in the city of New York which shall not particularly specify the duration of such occupation shall be deemed valid until the first day of May next after the possession under such agreement shall commence, and the rent under such agreement shall be payable at the usual quarter-days for the payment of rent in the said city, unless otherwise expressed in the agreement," does not apply to a case where a tenant enters without any agreement as to the terms of hiring and remains for a series of years, paying rent monthly in advance, it being in such a case a monthly hiring. And where in such a case the tenant has vacated the premises after giving a month's notice he is not liable for the rent to the first of May thereafter, or for any further rent.

APPEAL from a judgment of the Marine Court of the city of New York, entered upon an order of the general term

of that court affirming a judgment entered upon a verdict for the plaintiff rendered at a trial term.

The action was brought to recover $70, rent of a stable in the city of New York for the months of August and September, 1878. The complaint alleged that the defendant hired the premises on May 1st, 1878, for a term of one year ending May 1st, 1879, at an annual rent of $420, payable in monthly instalments of $35 on the first day of each month, in advance. This the defendant denied in his answer, and he alleged that the hiring was from month to month; that he duly notified the plaintiff that he should not occupy after the month of June, 1878, and that he did not occupy after that month.

The plaintiff testified that there never was any agreement as to the terms of hiring, or as to how long the defendant should remain in possession, but that for some years the defendant had paid plaintiff $37 50 a month. The defendant testified that in April, 1878, he told the plaintiff that he could only take the premises from month to month, and that the plaintiff said he could take off $2 50 a month, and that there never was any agreement as to when the rent should be paid. The jury were charged that if they found that there was no agreement at all with regard to the time for which the premises were rented the law implied a renting for a year, and that to enable them to find that the renting was from month to month they would have to come to the conclusion that the defendant notified the plaintiff that he would not keep the premises except from month to month.

The jury found for the plaintiff.

The defendant moved to have the verdict set aside as contrary to the evidence and as against the weight of evidence. The motions were denied and exceptions taken.

*Marshall P. Stafford*, for appellant.

*M. L. Marks*, for respondent.

CHARLES P. DALY, Chief Justice.—It appears from the

testimony of the landlord himself that there never was any agreement as to the terms of hiring or how long the defendant should remain in possession. That during a period of six years the defendant had paid $450 a year, $37 50 a month, and had always paid it in advance. The statute (1 R. S. 744, § 1) provides that where agreements do not particularly specify the duration of the occupancy the agreement shall be deemed valid until the first of May next after the possession of such an occupation, and that the rent under such an agreement shall be payable at the usual quarter-days for the payment of rent in this city. This statute cannot be applied to the present case; for during the whole of the long period the rent, $37 50, was paid in advance every month. The whole of the statute is to be taken together, and it implies, were the duration is not particularly specified, that the agreement was to occupy until the first of May following, and to pay the rent at the usual quarter-days. No such agreement as that can be implied in this case; for it appears by the express acts of the parties that for the period of six years and more $37 50 rent was paid every month in advance for the month then succeeding; and the only conclusion, in my judgment, that this warrants is, that it was a monthly hiring and nothing more. The defendant left the premises with that understanding, considering the monthly rent too high, and the landlord is not to be aided by a strained construction because he wishes to hold the tenant, who left at the end of the month of June, the rent of that month being paid, liable for the remainder of the year. If the plaintiff meant to hold the tenant absolutely to an occupation of the premises for a year it was an easy matter for him to have had the agreement put in writing, and it does not lie with him to complain when he did not do so, but was willing to let the tenant occupy the premises on paying $37 50 a month in advance; for he says expressly that there was no agreement as to the *terms* of hiring or as to how long the defendant would remain in possession; nothing, therefore, but the fact of his occupation, and that he paid every month $37 50 in advance.

What effect the judgment in the previous action had upon the rights of the parties in this action we do not know, as that record was excluded.

The judgment, in my opinion, should be reversed, as nothing but a tenancy from month to month existed, and the rent for the month of June had been paid when the defendant left.

VAN HOESEN, J.—Where a parol lease for a term of years is given it is void under the statute of frauds, but the letting is deemed to create a tenancy from year to year if a yearly rent be reserved. The lease regulates the relations of the parties in other respects, though it be void as to the duration of the tenancy. It can be terminated only by notice, and that notice must be that the tenancy will end at the expiration of some year of the holding. (*Reer* v. *Sayre*, 70 N. Y. 180; *Loughran* v. *Smith*, 18 A. L. J. 497.) Where an annual rent has been reserved this seems to be the rule, even though, in fact, the payments have been made monthly. But, in the absence of any agreement, valid or invalid, as to the duration of the term, or as to an annual rent, the rule seems to be that the intervals between payments determine the length of the tenancy. (*Steffens* v. *Earl*, 40 N. J. 128.) Where the tenancy is for a month only no notice is required to terminate the tenancy; but where the tenancy is from month to month a notice of a month is necessary, and the notice must be for the termination of the hiring at the end of some month of the tenancy, *i. e.*, if the tenancy begun on the 12th of the month the notice must be for its termination on the 12th of some following month. (*Geiger* v. *Braun*, 6 Daly, 506; *Steffens* v. *Earl*, 40 N. J. 128; *Gibbons* v. *Dayton*, 4 Hun, 451.) In this case, if the tenancy were for one month only, the tenant had a right to leave without notice at the end of any month. If he were a tenant from month to month he was liable until he gave notice. It appears that on the last day of June he gave notice, and that he has paid the rent for the month of July. This is all he can be compelled to pay unless he became, by force of the statute, a tenant

for a year by remaining in the occupancy of the stable after May 1st. I agree with the Chief Justice that the statute does not apply. For twenty years the defendant had occupied the stable; a few years ago the plaintiff became his landlord, but nothing was ever said about terms. The plaintiff knew what the defendant had been paying, and collected the rent every month. It would be folly to say that the rent was payable quarterly. The statute was not designed to raise such a presumption under such circumstances. Unless a tenancy from month to month be impossible in the city of New York, the statute did not make this a hiring for a year.

There was no evidence to sustain a verdict for the plaintiff, and I concur with the Chief Justice that the judgment should be reversed, with costs to the defendant.

Judgment reversed, with costs to the appellant.