EDWARD PRIAL, Appellant, *against* EDWARD ENTWISTLE,
*et al.,* Respondents.

(Decided February 6th, 1882.)

By an agreement for the hiring of premises, the tenant was to take possession of them on the 15th of April, at a certain rental per year, the term to expire on the 1st of May of the following year.   He took possession on April 15th, accordingly, and occupied and paid the rent until July of that year, when he removed from the premises.   *Held,* that, the agreement being void by the Statute of Frauds, the tenant was liable only for the use and occupation of the premises for the time he actually occupied them; and that a tenancy from year to year was not to be implied from his occupation under the circumstances.

Prial v. Entwistle.

APPEAL from a judgment of a district court in the City of New York.

The facts are stated in the opinion.

*R. H. Channing*, for appellant.

*Robert W. Todd*, for respondent.

VAN BRUNT, P. J.—On the 10th of April, 1880, the defendant, Entwistle, hired certain premises of the plaintiff for one year from the 1st of May, 1880, he to take possession on the 15th of April, and to pay rent from that time. The defendant, Entwistle, did take possession on the 15th of April, and paid the rent of the premises up to sometime in the month of July, when he moved out; and this action was brought to recover the balance of the rent which became due subsequent to his removal and prior to the 1st of May, 1881. The evidence in this case showed negotiations between the plaintiff and defendant which terminated in a contract for the taking possession of the premises on the 15th of April, at a certain rental per year, and an agreement for a term which should expire on the 1st of May of the following year. At the close of the plaintiff's case the objection was taken that the alleged contract of letting was within the Statute of Frauds and theefore void, and no recovery could be had for rent which might fall due under that contract. The complaint was dismissed upon this ground, and from the judgment rendered thereon this appeal is taken.

It is somewhat difficult to harmonize the conflict in the language of the decisions of the Court of Appeals in reference to the question now before the court; but a consideration of the facts which were before the court at the time of the various decisions, seems to afford a reasonable solution of what might be deemed at first glance an irreconcilable conflict.

In the case of *Thomas* v. *Nelson* (69 N. Y. 118), the court held distinctly that under a verbal lease, for more than a year, and therefore void under the Statute of Frauds, the defendant

is only liable for use and occupation, and cannot be compelled by virtue of the lease to pay for a longer period than he actually occupies. In that case the question was presented squarely, and the decision to which I have referred was announced.

In the cases of *Reeder* v. *Sayre* (70 N. Y. 181), *Laughran* v. *Smith* (75 N. Y. 205), a different rule seems to be enunciated, as the court in those cases stated that although an agreement by parol for a longer period than a year is void under the Statute of Frauds, yet if the party goes into possession under such agreement, the occupancy enures as a tenancy from year to year, and the agreement regulates the relations of the parties and determines their rights and duties in all things consistent with a yearly tenancy. And in support of this position, in one of those cases, the learned judge writing the opinion alludes to the fact that it is a well settled principle of law, where a party holds over after the expiration of his term and is permitted so to do by the landlord, without any new agreement in regard to such occupancy, the law implies a contract between the parties for another year upon the same terms and conditions as were contained in the lease which had expired; and it is this principle which was applied to the facts of those cases, and upon which they were decided. In each of those cases the parol agreement had been for a number of years, and the tenant had gone into possession, had remained in possession one or two years, and then continued the occupation; and the court held that, under those circumstances, although the original letting was void under the Statute of Frauds, the occupation enured as a tenancy from year to year, the terms and conditions of which were to be determined by the original letting—a very different state of facts from those which appeared in the case of *Thomas* v. *Nelson*, above referred to. In the cases of *Reeder* v. *Sayre* and *Laughran* v. *Smith*, there had been a continuous occupation from year to year which had been recognized and acted upon between the parties, and the relation of landlord and tenant had thereby been established upon certain terms and conditions, which were recognized by the parties and acted upon by them. The holding over, therefore, after the termination of any one year,

under the rule of law to which attention has been called, would imply a new contract for a new year upon the same terms and conditions as the occupancy had been permitted for the year before; and the tenancy would, therefore, become a tenancy from year to year. This view of the case entirely harmonizes the decisions above referred to, and in no way conflicts with or ignores the provisions of the statute, which would be the result if the interpretation which is sought to be placed upon the cases of *Reeder* v. *Sayre* and *Laughran* v. *Smith* should prevail.

It evidently was not the intention of the Court of Appeals in those decisions to repeal the statute, but to apply a well recognized principle of law in reference to tenants holding over after expiration of term, to the facts of those particular cases, which are entirely different from the actual facts presented in the testimony in the case at bar.

The judgment should therefore be affirmed, with costs.

J. F. DALY, J., concurred.

Judgment affirmed, with costs.