## THORP v. PHILBIN.

*(City Court of New York, General Term.   November 23, 1888.)*

1. LANDLORD AND TENANT—HOLDING OVER—NOTICE OF INCREASED RENT—OPTION OF LANDLORD.

Where the landlord, before the expiration of a lease for a year, notifies the tenant that the premises will be relet for not less than a year, and only for a specified in-

creased rent, the tenant, by remaining in possession after the expiration of the year, becomes bound, at the landlord's option, to pay the increased rent for the ensuing year, though he refuses to renew the tenancy, and he cannot terminate his liability by abandoning possession, and the landlord exercises his option to treat him as a tenant by suing for the rent.

2. SAME—RENT—EVIDENCE—ACTION AGAINST THIRD PERSONS.
    The record of a suit by an assignee of a part of the rent for the second year against a third person is not admissible in an action against the tenant.

3. SAME—FORMER ACTION AGAINST TENANT.
    Nor is the record of a proceeding to dispossess the tenant, not carrried to a final determination, admissible in such action.

4. EVIDENCE—SECONDARY—COPY OF TELEGRAM—NON-PRODUCTION OF ORIGINAL.
    The copy of a telegram received by the tenant, showing upon its face that it was in response to a letter written by the tenant's attorney to the landlord asking for the terms of a renewal, and confirmed by a subsequent letter of the landlord containing the same propositions, is admissible without producing the original. .

Appeal from trial term; McGOWN, Judge.

The complaint in this action, by Alfred H. Thorp against John M. Philbin, averred that defendant, by lease, hired of Andrew S. Thorp, plaintiff's assignor, certain premises for a year from and after May 1, 1886, at a yearly rent of $1,800, payable monthly in advance; and that thereafter, about April 28, 1887, the landlord notified defendant that if he continued in possession of the premises after May 1, 1887, (the day when said existing lease terminated,) the rent of said premises would be $2,400 a year; and that, upon such notification, the defendant continued in possession for a long time after May 1, 1887; and prayed judgment for the rent for the three months from February 1 to May 1, 1888. The answer admitted the said leasing of the premises from May 1, 1886, and denied notice of increased rent, and it denies all liability for any increase of the rent commencing May 1, 1887, and claims that said landlord let, according to law, the premises to him (defendant) at merely a reasonable rental for the same, and that said premises were not reasonably worth more than $1,200 per annum, commencing from May 1, 1887. The answer also alleges that on May 1, 1887, and upon the expiration of said preceding lease, this defendant continued in possession of the premises by the permission of said landlord; and further sets up a counter-claim in tort. The answer is otherwise a general denial. The copy telegram referred to in the opinion was that received by Mr. Harris, and was received in evidence over defendant's objection. Defendant offered in evidence the summons in the action of McDermott, assignee of Andrew S. Thorp, against R. D. Harris, which was received on plaintiff's admission that McDermott sued Harris, under an assigned claim, for the rent for the month of May, 1887, and that the action was dismissed, and there was no written complaint. Defendant's offer to show what else took place in relation to the summons, and his offer of the minutes of the action, were excluded, as were the minutes in a proceeding by Andrew S. Thorp against Philbin to dispossess the latter. Verdict and judgment for plaintiff. The court denied defendant's motion for a new trial, and he appeals.

Argued before BROWNE, P. J., and EHRLICH and PITSHKE, JJ.

R. D. Harris, for appellant.    L. J. Morrison, for respondent.

PITSHKE, J.    This suit is for three months' rent. The tenant held over on May 1, 1887, beyond his term, for the period sued for herein, after written notification from the landlord that the premises would not be relet under the rate of $2,400 per year, subsequent to said date. No actual agreement was entered into, however, on such tenant's part or behalf, with the said landlord, nor was said notification ever revoked on the landlord's part, directly or indirectly. Although the minds of these parties did not meet, the law stepped in and made a binding contract for them; for on May 2, 1887, the tenant was yet in possession, holding over, and thereby on that day (the rent having

theretofore been payable in monthly installments in advance) a complete cause of action had arisen, by operation of law, which could be successfully prosecuted without regard to what occurred afterwards. *Giles* v. *Comstock*, 4 N Y. 270. The law, from the continuance in possession, implied at once a contract on the tenant's part to renew the tenancy for another year, (*Laughran* v. *Smith*, 75 N. Y. 210;) and the amount recoverable, that day, would be at the rate mentioned in such notification from the landlord, `(*Despard* v. *Walbridge*, 15 N. Y 374; and see *Hazeltine* v. *Weld*, 73 N. Y. 160, 161.) A new tenancy at a higher rent having thus commenced, impliedly, it continued on for another year from May 1, 1887. The landlord's right to treat the tenancy as continuing, with the rent increased, pursuant to the notification, is unaffected by the fact that the tenant directly refused to renew the hiring. *Conway* v. *Starkweather*, 1 Denio, 113; *Schuyler* v *Smith*, 51 N. Y 309; *Dorr* v. *Barney*, 12 Hun, 259. By retaining possession after May 1, 1887, the defendant became, *ipso facto*, bound for the year ensuing, at the increased rent, and he could not thereafter terminate his liability by abandoning possession before the expiration of the year. *Laughran* v. *Smith*, 75 N. Y. 205, affirming 11 Hun, 311. The relation of landlord and tenant, having been once established,. continues until severed by mutual agreement of the parties, or some new act or proceeding to such effect, by implication of law. *Ackley* v. *Westervelt*, 10 Wkly. Dig. 391, affirmed 86 N. Y. 448. It follows, the defendant, by his retention of the premises on and after May 1, 1887, after notification of the increase of rent for a new holding, became freshly liable as tenant, at plaintiff's option, for the ensuing year, at such higher rent; and the landlord did not lose his legal option to treat defendant either as a trespasser, or a tenant holding over, until the commencement of this action, which alone was a binding exercise of that option. *Benedict* v. *Bank*, 4 Daly, 171; *Rosevelt* v. *Giles*, 7 Hill, 201.

As regards the received "copy telegram" allowed in evidence, no error was committed on the trial. It is beyond dispute that the telegraphic message, therein contained, emanated from the landlord, and, that being clear, the presumption is that the telegraph company did its duty properly, in the usual way, and that the original corresponded with the copy sent to the tenant's representative; and hence, under *Steam-Ship Co.* v. *Otis*, 100 N. Y. 453, 454, 3 N. E. Rep. 485, such copy was *prima facie* admissible without production of the original. On its face this telegram, as delivered, showed it was in response to the letter of April 22, 1887, to the landlord (A. S. Thorp) from Mr. Harris, who acted as the tenant's attorney, asking the terms for said tenant's continuance in possession after May 1, 1887; and said telegram was the notification above referred to, and it informed such tenant that the landlord would not relet for a short period, (less than a year,) and that the price of the premises would be $2,400 a year. The propositions of said telegram were reiterated, and again insisted on, in the landlord's letter of May 6, 1887, which is fair confirmatory evidence that said telegram came and emanated from the landlord. In connection with the tenant's said letter of April 22, 1887, said telegram, plainly transmitted in response thereto, was proper to go to the jury. *Curlewis* v. *Corfield*, 1 Q. B. 814; *Hicks* v. *Duke of Beaufort*, 4 Bing. N. C. 229. Notwithstanding all this, the defendant continued on in possession to hold the premises for many months after May 1, 1887. He thereby became liable, as above stated, at the higher rent. The holding over concludes the tenant, as he thereby deprives the landlord of opportunity to let to other tenants. *Smith* v. *Allt*, 4 Abb. N. C. 214.

The character or record of the action by McDermott against Harris was not legal evidence herein as a binding election or as *res adjudicata*, being between other parties, in which matter this defendant was not concerned; nor did it otherwise affect the present parties with respect to this controversy. The testimony therein had no bearing relative to the issues herein, which are based

on the defendant's aforesaid retention of the premises in question. The same or similar reasoning applies to the "dispossess precept" offered herein, upon which the proceeding was not conducted to any adjudication. See *People* v. *Bennett,* 14 Hun, 68.

The exceptions taken by the defendant (appellant) are all without force, and the verdict is right. The judgment and order appealed from should therefore be affirmed, with costs.

BROWNE and EHRLICH, JJ., concur.