## LAIMBEER *v.* TAILER *et al.*

*(Supreme Court, General Term, First Department. January 28, 1889.)*

LANDLORD AND TENANT—TENANCY FROM YEAR TO YEAR.

Where, by the terms of an oral lease of premises in the city of New York, it is expressly agreed that the holding shall be for one year from November 1st, and the tenant remains for a number of years without any further agreement, it is a tenancy from year to year, beginning November 1st; and 3 Rev. St. N. Y. (7th Ed.) p. 2200, § 1, providing that agreements for the occupation of premises in that city, "which shall not particularly specify the duration of such occupation, shall be deemed valid until the 1st day of May next after possession" thereunder begins, does not apply.

Appeal from special term, New York county.

William Laimbeer presented to Robert W. Tailer and others, executors of the will of Mary Bradhurst, deceased, a claim against decedent's estate, which was referred, as provided by 3 Rev. St. N. Y. (7th Ed.) p. 2299, § 36. Judgment was entered confirming the referee's report, and rejecting the claim, and Laimbeer appeals.

Argued before VAN BRUNT, P. J., and DANIELS and BARTLETT, JJ.

*George W. Van Siclen,* for appellant.  *E. Ritzema De Grove,* for respondents.

BARTLETT, J. In August or September, 1871, Mrs. Mary Bradhurst, the defendants' testatrix, by an oral agreement hired a stable in the city of New York from Mr. A. A. Selover for the term of one year from the 1st day of the following November, at a rental of $1,200 per annum, payable quarterly. She entered into possession of the premises, and continued to occupy them without any further express agreement of any kind until some time between August and November, 1885, when her occupation ceased. In March, 1875, Mrs. Bradhurst being in possession, the plaintiff became the owner of the stable, and after that time he received the rent therefor from Mrs. Bradhurst at the rate of $1,200 a year, or $300 a quarter, until November 1, 1878, and after that date at the rate of $1,082 a year, or $270 a quarter. Although, as already stated, Mrs. Bradhurst abandoned the occupation of the stable before November 1, 1885, she paid the rent up to that date. The appellant, however, insists that her tenancy did not expire until May 1, 1886, and has put in a claim against her estate for the additional rent covering this period, which is the subject-matter of the present litigation.

The question upon which the determination of this appeal depends is whether the lease to the respondent expired upon the 1st day of November or the 1st day of May. We think the referee correctly decided that it expired on the 1st day of November. The Revised Statutes provide that agreements for the occupation of lands or tenements in the city of New York, "which shall not particularly specify the duration of such occupation, shall be deemed valid until the first day of May next after the possession under such agreement shall commence, and the rent under such agreement shall be payable at the usual quarter days for the payment of rent in such city, unless otherwise expressed in the agreement." 3 Rev. St. (7th Ed.) p. 2200, § 1. By the original lease between Mr. Laimbeer and Mrs. Bradhurst it was particularly specified that the tenant's occupation should extend for one year from November 1, 1871. Thereafter she held over, and the law implied a contract on her part to renew the tenancy for a year more on the terms of the first letting. *Laughran* v. *Smith,* 75 N. Y. 205. Subsequently she continued to hold over in the same way, year after year, and as she was still in possession as tenant when the 1st day of November, 1884, had passed, the law then implied in like manner an agreement in her behalf that her occupation should continue until November 1, 1885, when she gave up the premises. The contract which thus arose by implication of law specified the duration of the tenant's occupation just as particularly as the original lease. Hence it did not fall within the scope of the provision of the Revised Statutes which has been cited, relative to agreements for the occupation of lands and tenements in the city of New York, which applies by its terms solely to agreements wherein there is no particular specification of the duration of the term. It is only such agreements that are declared to be valid until the 1st day of May next after possession thereunder begins. We think the statute relied upon has no application to the facts here, and that the case was properly decided below. All concur.