### GALLAGHER *v.* REILLY.

*(Common Pleas of New York City and County, General Term. June 2, 1890.)*

LANDLORD AND TENANT—ACTIONS FOR RENT.

> Where, after final order awarding the possession of the premises to the landlord, the tenant from month to month voluntarily surrenders them before the issuance of a warrant for his removal, the tenancy is terminated by such surrender, and the landlord cannot recover rent for the ensuing month, under Code Civil Proc. N. Y. § 2253, providing that the warrant cancels the agreement, and annuls the relation of landlord and tenant.

Appeal from ninth district court.

Action for rent by Patrick Gallagher against Charles Reilly. Judgment for defendant. Plaintiff appeals. Code Civil Proc. N. Y. § 2253, provides that the issuing of a warrant for the removal of a tenant cancels the agreement for the use of the premises, and annuls the relation of landlord and tenant, except that it does not prevent the landlord from recovering rent due at the time the precept was issued, or for the use and occupation till the time the warrant was issued.

Argued before LARREMORE, C. J., and BOOKSTAVER, J.

*E. T. Rice*, for appellant. *J. Vincent*, for respondent.

LARREMORE, C. J. This was an action to recover for one month's rent of house No. 81 East One Hundred and Sixteenth street. According to plaintiff's testimony it was an oral hiring for 18 months from October, 1888. A written lease was prepared, but was not shown to defendant until he demanded it, when he objected to the proposed lease, and it was not excuted. Subsequently a dispute arose between the plaintiff and defendant as to the amount then due. The action might have been maintained for the rent, but the plaintiff caused a precept to be issued and served upon defendant, requiring him "forthwith to remove from the premises, or show cause before the court below, May 21, 1889, why possession of said premises should not be delivered to the plaintiff." An answer was filed to the petition, and the cause was set down for trial. The defendant afterwards withdrew his answer, and there-

upon final order was made, awarding to petitioner possession of the property in question. The defendant, without waiting for the issuance of a warrant, moved from the premises May 27th, and sent the keys of the house to the plaintiff.

The court below held the plaintiff could not recover rent for the month of June; and, under all the circumstances of the case, I think such adjudication was correct. The hiring of the premises, under the authority of *Prial* v. *Entwistle,* 10 Daly, 398, was from month to month. *Thomas* v. *Nelson,* 69 N. Y. 121. After the trial order of the justice awarding possession of the premises to the plaintiff in the summary proceeding, it was the defendant's duty and right to surrender the premises, and not wait until dispossessed by warrant. McAdam, Landl. & Ten. (2d Ed.) 653; *People* v. *Kelsey,* 14 Abb. Pr. 378. Such final order, which was, in effect, a judgment, may be satisfied with compliance with its requirements on the part of the tenant as well as by the issuing of a warrant, and cancels the agreement between the parties. Section 2253 of the Code should not be restricted in its application. The lease may be canceled by the agreement of the parties, or by surrender of the premises, when required to do so by order of the court. I think it a fair interpretation of the statute that, when it becomes necessary to issue a warrant for the removal of a tenant, then the issuance of such warrant cancels the agreement. If, while the warrant was unexecuted, the tenant had remained in possession, a different state of facts would have been presented. *Powers* v. *Carpenter,* 15 Wkly. Dig. 155; *Boehm* v. *Rich,* 13 Daly, 62. As the defendant surrendered the premises under the final order, the landlord thus secured the precise remedy which he sought when he procured and served the precept. In such a case the issuance of a warrant was unnecessary and useless, for the plaintiff had obtained all that he sought in the summary proceedings. It appears that the tenant has already left. The landlord was entitled to full possession of his premises. To issue a warrant in such a case, as before stated, would be useless and a nullity, inasmuch as it would be the enforcement of an order which had already been complied with. The judgment of the court below should be affirmed, with costs.