(18 Misc. Rep. 68.)

## GILFOYLE v. CAHILL et al.

(Supreme Court, Appellate Term, First Department. September 28, 1896.)

LANDLORD AND TENANT—TENANCY FROM MONTH TO MONTH.

A finding of a tenancy from month to month is sustained by evidence that the parties entered into an oral agreement for a lease of the premises for 5 years and 6½ months commencing October 15, 1895, the tenant to pay monthly in advance a certain rental until May 1, 1896, and a certain greater rental for the balance of the term, and that, pending the execution of the agreement in writing, the lessee, with the lessor's consent, entered into possession of the premises, and remained in possession several months, paying rent at the agreed rate.

Appeal from Eighth district court.

Action by Patrick Gilfoyle, as assignee of Albert I. Sire, against Daniel C. Cahill and Dennis P. Cahill to recover a month's rent for certain premises in New York City. There was a judgment in favor of plaintiff, and defendants appeal. Affirmed.

Argued before DALY, P. J., and McADAM and BISCHOFF, JJ.

Albert J. Appell, for appellants.

Albert I. Sire, for respondent.

BISCHOFF, J. The action was for a month's rent from April 15, 1896, to May 15, 1896, at the rate of $45 per month to May 1st, and $55 per month to May 15th,—in all, $50,—the claim of $47.50 having been explained to have been an error in computation. There was testimony for the defendants to the effect that in November, 1895, the previous oral agreement hereinafter to be alluded to was modified by limiting the letting to May 1, 1896, at a rental payable monthly in advance, and at the rate of $45 per month. This was denied, however, by testimony for the plaintiff, and upon the conflict which thus ensued we must conclude, consistently with the judgment, which was for the full amount claimed, that the facts were determined adversely to the defendants.

The facts which appeared from substantially unchallenged evidence upon the trial were that some time in September, 1895, Albert I. Sire, the plaintiff's assignor, and the defendants, entered into an oral agreement, the former to let the store and a part of the basement of the premises 189 West Tenth street, in the city of New York, for the term of 5 years and 6½ months, commencing October 15, 1895, and the latter to pay, monthly in advance, a rental at the rate of $45 per month until May 1, 1896, at the rate of $55 per month until May 1, 1897, and at the rate of $60 per month until May 1, 1901, the end of the term; that, pending the execution of the agreement in writing, the defendants, with Sire's consent, entered into possession of the premises on September 30, 1895, and so continued until April 30, 1896, on which day they vacated and aban-

doned the same, having meanwhile paid the rent, as orally agreed, up to April 15, 1896, and refused to execute the proposed written lease when it was submitted to them for such purpose.    Upon this state of the facts it was contended for the defendants that the lease for more than a year, not being in writing, was void, under the statute (2 Rev. St. [Banks & Bros.' 9th Ed.] p. 1885, § 9); that, owing to the invalidity of such oral lease, their possession of the premises was, at most, under an agreement which did not "particularly specify" the duration of the right of possession; hence, that such last-mentioned agreement, being in respect to premises in the city of New York, expired on the 1st day of May next succeeding the day of their entry into possession (2 Rev. St. [Banks & Bros.' 9th Ed.] p. 1818, § 1), and that they were, if at all, liable only for the value of the use and occupation of the premises from April 15, 1896, to May 1, 1896,—$22.50,—which amount, with the costs of the action, was paid into court.    The judgment in the plaintiff's favor for the full amount of the month's rent claimed is, in our opinion, unassailable, the facts being sufficient for the predication of a monthly letting at a rental payable in advance.    A monthly letting being established disposes of so much of the defendants' contention as was to the effect that the agreement expired on the 1st day of May next succeeding the day of their entry into possession, for, obviously, a letting for a month, or from month to month, particularly specifies the duration of the right of possession.    Though an oral agreement of lease for more than a year is void in respect to its intended endurance, the provisions thereof are pertinent to the ascertainment of the terms of a lease for less than a year if an agreement to the last-mentioned effect is impliedly apparent, or inferable from the circumstances. Thus in Coudert v. Cohn, 118 N. Y. 309, 23 N. E. 298, possession and payment of rent for upwards of one year under an oral lease for a term of years, which provided for an annual rental payable in monthly installments, and continuance in possession by the lessee for a part of the second year, was held to be evidence of a lease for such second year, or from year to year; and in Talamo v. Spitzmiller, 120 N. Y. 37, 41, 23 N. E. 981, where there was an oral agreement of lease for five years, at an annual rental, payable in monthly installments, in advance,·the court said:

"The parol agreement for five years was not effectual to create a tenancy for one year.  Nor did the mere fact that the plaintiff went into possession have that effect.  He remained in occupation a part of one year only, and the creation of a tenancy for a year was dependent upon something further. While it is not required that a new contract be made in express terms, there must be something from which it may be inferred, something which tends to show that it is within the intention of the parties.  The payment and receipt of an installment or aliquot part of the annual rent is evidence of such an understanding, and goes in support of a yearly tenancy, and' without explanation to the contrary it is controlling evidence for that purpose,"—citing Reeder v. Sayre, 70 N. Y. 184, and Laughran v. Smith, 75 N. Y. 209.

The case at bar is squarely within the ruling of the Talamo Case, and differs from the Coudert Case only in respect to the duration of the implied lease.    We have the facts of an oral understanding of the parties that the premises should be occupied by the defendants

at a rental, commencing on the 15th day of the calendar month, at the rates hereinbefore mentioned, and payable monthly in advance; the entry and continuance of the defendants in possession of the premises for six months, and a part of the month for which the rent sued for was claimed to be due; and the payment monthly in advance of the rent for each of such six prior months. The facts sustain a finding of a letting by the month, or from month to month (Geiger v. Braun, 6 Daly, 506); that is to say, from the 15th day of one calendar month to the 15th day of the next succeeding one, at a rental payable in advance. We must, in support of the judgment, assume that the court below so found.

The continuance, by the defendants, in possession, after the 15th of April, 1896, subjected them to liability for the rent for the month ending on the 15th of May next following, the fact of such continued possession being evidence of a renewal of the term. Schuyler v. Smith, 51 N. Y. 309, 313; 12 Am. & Eng. Enc. Law, 679, § 4, and cases in note 4.

Judgment affirmed, with costs.

DALY, P. J., concurs.

McADAM, J. (concurring). The agreement, being for a term exceeding one year, was void. 2 Rev. St. (9th Ed.) 1885, § 8. If the lessees had declined to enter into possession, they would not have been liable for rent (Edge v. Strafford, 1 Cromp. & J. 391; Inman v. Stamp, 1 Starkie, 12), or if the landlord had declined to let them into possession he would not have been liable (Reed, St. Frauds, §§ 682, 683; Erben v. Lorillard, 19 N. Y. 299); for a void thing is no thing, and creates neither rights nor duties (Dung v. Parker, 52 N. Y. 494). But where a person enters as tenant under such an agreement he becomes liable for use and occupation so long as he remains in possession (Thomas v. Nelson, 69 N. Y. 118; Prial v. Entwistle, 10 Daly, 398; Smith v. Genet, 2 City Ct. R. 88); and these cases proceed on the theory that "it is difficult to perceive how such a contract, declared to be void by the statute, can be held to be valid for a single hour, or upon what principle a tenant, entering under a void lease, can be compelled, by virtue of the lease, to pay for a longer period than he actually occupied" (Thomas v. Nelson, supra). The agreement may be used, however, to establish the agreed amount of rent, though void as a lease by the statute. Wood's Mayne, Dam. (1st Am. Ed.) § 320; Reeder v. Sayre, 70 N. Y. 180. One of the incidents of such a hiring is its convertibility by payment of rent into a tenancy by the month or year, and where rent has been paid an agreement for a letting may be inferred from the act, precisely as if no lease beyond the statutory period had been assented to. The cases hold that where the lease is void the period of occupation and mode of paying rent may determine the character of the tenancy, as by the month or year. Reeder v. Sayre, supra; Laughran v. Smith, 75 N. Y. 205; Blumenthal v. Bloomingdale, 100 N. Y. 558, 3 N. E. 292; Coudert v. Cohn, 118 N. Y. 309, 23 N. E. 298; Talamo v. Spitzmiller, 120 N. Y. 37, 23 N. E.

·980; Fougera v. Cohn, 43 Hun, 454; Wilson v. Taylor, 8 Daly, 253. The agreement, though oral, and void as to the term and the interest in lands sought to be created, regulates the relations of the parties to it in other respects upon which the tenancy exists, and may be resorted to °for the determination of their rights and duties in all things consistent with and not inapplicable to a yearly tenancy. Reeder v. Sayre, supra, and kindred cases. The defendants remained in possession until April 30, 1896, after having paid, in accordance with the original understanding, rent monthly from October 15, 1895, to April 15, 1896, by reason of which an agreement of hiring consistent with that originally made is implied by the law, whereby the defendants became tenants from month to month. Wilson v. Taylor, supra; Gallagher v. Reilly (Com. Pl.) 10 N. Y. Supp. 536. For the payment of rent by the occupier, with reference to a monthly holding, and the receipt of it by the landlord, are evidence of the intention of the parties that a monthly hiring should be created. The defendants held over and continued in possession after April 15, 1896, from which the law implies a hiring for another month at the option of the landlord, who might treat them as tenants by accepting rent or instituting proceedings to recover the rent, or as trespassers by proceedings to remove them for wrongfully holding over. Haynes v. Aldrich, 133 N. Y. 287, 31 N. E. 94; Adams v. City of Cohoes, 127 N. Y. 175, 182, 28 N. E. 25; Frank v. Railroad Co., 122 N. Y. 197, 218, 25 N. E. 332; Schuyler v. Smith, 51 N. Y. 309. As the right rests on the tenant's breach of duty, he has no election. 1 Wood, Landl. & Ten. (2d Ed.) 33; Witt v. Mayor, etc., 6 Rob. (N. Y.) 451. The tenancy was a definite one by the month,—that is, from the 15th of one calendar month to the 15th of the succeeding one,—expiring at the end of any month the tenants chose to move or the landlord saw fit to eject them; and notice to quit was unnecessary. People v. Goelet, 64 Barb. 476, 14 Abb. Prac. (N. S.) 130; People v. Schackno, 48 Barb. 551; Gibbons v. Dayton, 4 Hun, 451; Park v. Castle, 19 How. Prac. 29; Adams v. City of Cohoes, 127 N. Y. 175, 183, 28 N. E. 25; Blumenberg v. Myres, 32 Cal. 93. The holding was not of that indefinite character which ended on May 1, 1896, by force of the statute. 2 Rev. St. (9th Ed.) 1818, § 1. Adams v. City of Cohoes, supra, being the latest authoritative decision in reference to notice to quit, must be accepted as controlling upon the subject.

In Laimbeer v. Tailer (Sup.) 4 N. Y. Supp. 589, it appeared that by the original lease it was particularly specified that the tenant's occupation should extend for one year from November 1, 1871. The court said:

"Thereafter she held over, and the law implied a contract on her part to renew the tenancy for a year more on the terms of the first letting. Laughran v. Smith, 75 N. Y. 205. Subsequently she continued to hold over in the same way year after year, and as she was still in possession as tenant when the 1st day of November, 1884, had passed, the law then implied in like manner an agreement in her behalf that her occupation should continue until November 1, 1885, when she gave up the premises. The contract which thus arose by implication of law specified the duration of the tenant's occupation just as particularly as the original lease. Hence it did not fall within the scope of

the provision of the Revised Statutes which has been cited, relative to agreements for the occupation of lands and tenements in the city of New York, which applies, by its terms, solely to agreements wherein there is no particular specification of the duration of the term. It is only such agreements that are declared to be valid until the 1st day of May next after possession thereunder begins."

A similar ruling was made in Craske v. Publishing Co., 17 Hun, 319, where a tenant entered under a parol lease for two years and a half from November 1, 1875, and undertook to remove by authority of the statute providing for the expiration of certain leases on May 1st. 2 Rev. St. (9th Ed.) 1818, § 1. The court held that the lease was binding until November 1, 1876, on the theory of a yearly tenancy, for "the statute only applies where no time is agreed upon, which was not the case here." These cases demonstrate the inapplicability of the statute relied on by the appellants. I therefore concur for affirmance.