(49 Misc. Rep. 119)

JULIAN et al. v. BERARDINI.

(Supreme Court, Appellate Term.  December 27, 1905.)

1. LANDLORD AND TENANT—LEASES—TERM—TENANCY FROM MONTH TO MONTH.
    Where an oral lease of premises for five years was made at a rental
    of a certain sum per month, an entry and possession by the lessee implied
    in contemplation of law a new contract by which the lessees held as
    tenants from month to month.

2. SAME—DEPOSIT TO SECURE RENT—EVIDENCE—INFERENCES.
    Where lessees deposited $300 to secure the payment of rent under a
    parol lease for five years at a monthly rental of $135, no importance
    was attachable to the apparent disproportion between the amount of
    the deposit and that of the monthly rent as bearing on the issue as to
    whether a tenancy from year to year or from month to month was
    created by the entry and taking possession of the premises by the lessees.

Appeal from Municipal Court, Borough of Manhattan, Ninth District.

Action by Angelo Julian and another against Michael Berardini. Judgment for plaintiffs for less than the relief demanded, and they appeal.  Reversed.

Argued before SCOTT, P. J., and BISCHOFF and MacLEAN, JJ.

Gantz, Neier & McKennell (Thomas Abbott McKennell, of counsel), for appellants.

Charles Zerbarini, for respondent.

SCOTT, P. J.  In April, 1905, the plaintiffs and defendant verbally agreed to a lease from defendant to plaintiffs of a store in Mulberry street for the term of five years.  A written lease was contemplated, but was never executed, because defendant was contemplating mortgaging the property, and apprehended that he might find difficulty in doing so if it were incumbered of record by a long lease.  However, the plaintiffs, with defendant's consent, entered into possession of the premises and paid one-half a month's rent until May 1st, and thereafter paid rent in advance on the 1st of May and June for those months. On the last day of June the plaintiffs moved out and abandoned the premises.  At the time of making the oral agreement for a five-year lease, and in contemplation that such a lease would be made, the plaintiffs deposited with defendant $300 as security, and this they now sue to recover.  The defendant counterclaims for the rent at the agreed rate for the month of July, and upon this counterclaim has succeeded.

The one question involved in this appeal is as to whether the plaintiffs, under the circumstances, held as tenants from year to year, or from month to month.  It has been held in numerous cases, and is perfectly well settled, that a parol lease or agreement for a lease for a longer term than one year is absolutely void, and ceates no relation of landlord and tenant, even though the tenant may enter into possession and pay rent.  Such entry and possession, however, implies in contemplation of law a new contract of hiring, quite distinct from and independent of the void parol agreement, though the latter may be resorted to as a means of determining the terms and conditions of the new contract.  The term of the lease is obviously one of the most important

conditions, and, where a new implied lease arises under the circumstances disclosed in this case, it oftentimes becomes most important, as it is here, to determine whether the new letting is by the year or by the month. To determine that question reference has generally been made to the specification of the rent as contemplated by the void agreement. Where that agreement provided for a yearly rental, although to be paid in monthly installments, it has been inferred that the new agreement was for a yearly tenancy, especially when the tenant has held for one year and part of another. Laughran v. Smith, 75 N. Y. 205; Coudert v. Cohn, 118 N. Y. 309, 23 N. E. 298, 7 L. R. A. 69, 16 Am. St. Rep. 761. Where, on the other hand, the proposed void lease provided for a monthly rental, the inference has obtained that the new letting was by the month. Gilfoyle v. Cahill, 18 Misc. Rep. 68, 41 N. Y. Supp. 29; Lawrence v. Hasbrouck, 21 Misc. Rep. 39, 46 N. Y. Supp. 868.

The crucial question of fact, therefore, in this case, is, what was agreed to be inserted in the contemplated lease for five years as to the character of the rent? If the learned justice held that the agreement was for a yearly rental, as he must have held, his conclusion on this point is clearly against the evidence. Not only did the plaintiffs testify that the agreement was for a monthly rent, but both the defendant and his clerk testified that the agreement was to lease the store "at $135 a month." There is no evidence to the contrary, except that defendant, on being recalled, testified that the yearly rental of the store was $1,620. This was evidently a mere computation, and he did not say, nor did the attorney who drew the unexecuted lease testify, that the agreement was for a yearly rental. Assuming, then, as we must, that the oral agreement was for a lease with a monthly rental, the case stands on all fours with Gilfoyle v. Cahill, supra, and the judgment was erroneous. No importance is to be attached to the apparent disproportion between the amount of the deposit for security and the amount of the monthly rent, for it clearly appears that the deposit was made when a lease for five years was agreed upon and contemplated. Upon the case made the plaintiffs were entitled to leave the premises at the end of any month, and, having elected to do so, they are entitled to a return of their deposit.

Judgment reversed, and new trial granted, with costs to the appellants to abide the event. All concur.