MAYER MEAT COMPANY, INC., Appellant, *v.* HARRY HEILMAN, Respondent.

Supreme Court, Appellate Term, First Department, January Term — Filed March, 1923.

**Landlord and tenant — lease — when tenancy is by the month — termination by thirty-day notice.**

The letting under a lease entered into on May 6, 1922, at a stipulated monthly rental is by the month.

Notwithstanding the tenant on September 22, 1922, in pursuance of the statute relating to monthly tenants, was served with a notice by the landlord of his intention to terminate the tenancy on November 1, 1922, the tenant remained in possession of the premises during the month of October and paid the stipulated rental as usual in advance. In a summary proceeding thereafter instituted the tenant contended that the lease was for an indefinite period and under section 232 of the Real Property Law continued until October 1, 1922, and that the landlord having accepted the rent for October, a renewal of the lease for a year resulted by operation of law. *Held,* that a final order in favor of the tenant will be reversed and a new trial ordered.

APPEAL by a landlord from a final order of the Municipal Court of the city of New York, borough of Bronx, second district, in favor of the tenant.

*D. Robert Kaplan,* for appellant.

*Louis Susman,* for respondent.

BIJUR, J. The only question upon this appeal is the date of the expiration of the tenant's right of possession. On May 6, 1922, the landlord and the tenant entered into an agreement in writing which recites that the landlord " agrees to rent the premises to the tenant (to be used for business purposes) at the monthly rental of $200 a month." On the twenty-second of September the landlord notified the tenant that he elected to terminate the tenancy " and unless you remove therefrom on the first day of November, 1922," summary proceedings would be brought against him. It was recited that this notice was given in pursuance of the statute in relation to monthly tenants. The tenant remained during the month of October and paid the stipulated rental as usual in advance.

The tenant has contended successfully below that the lease from May 6, 1922, was one for an indeterminate period, and, therefore, under section 232 of the Real Property Law, continued until October first, and that the landlord, having permitted him to

"hold over" after that time and accepted rent for the first month of the holdover period, a renewal for a year resulted by operation of law. *Schuyler* v. *Smith*, 51 N. Y. 309; *Kennedy* v. *City of New York*, 196 id. 19.

It may well be doubted whether the lease of May 6, 1922, was any more than a letting by the month (*Gilfoyle* v. *Cahill*, 18 Misc. Rep. 68), in which event the mere fact that the landlord gave more than thirty days' notice would not impair the efficiency of such notice. *Ginsburg* v. *Leit*, 187 N. Y. Supp. 450. Assuming, however, that the lease should be interpreted as one terminating October first, in that event the tenant would have to be regarded as remaining in possession not pursuant to some inference to be drawn from a situation interpreted by the law, but upon the express terms imposed in advance by the landlord, namely, that the tenancy should terminate on November first. *Commercial Cable Bldg. Co.* v. *McKenna*, 168 N. Y. Supp. 13.

Final order reversed and new trial ordered, with thirty dollars costs to appellant to abide the event.

MULLAN and McCook, JJ., concur.

Order reversed.