### FURMAN v. GALANOPULO.

(Supreme Court, Appellate Term. March 21, 1905.)

LANDLORD AND TENANT—TENANCY FROM YEAR TO YEAR.

Where a lease of premises in the city of New York terminated on October 15th, but the tenant continued in possession with the consent of the landlord, who received the rent regularly from month to month, the lease would be deemed to be renewed from year to year upon the terms of the original lease, and could not be terminated prior to October 15th of the following year, in the absence of a new agreement or a surrender and acceptance, notwithstanding the provisions of the statute limiting the duration of indefinite tenancies in New York City until the 1st day of May next after their commencement.

[Ed. Note.—For cases in point, see vol. 32, Cent. Dig. Landlord and Tenant, § 378.]

Appeal from Municipal Court, Borough of Manhattan, Sixth District.

Action by James W. Furman against Constantine ·Galanopulo. From a judgment for defendant, plaintiff appeals. Reversed.

Argued before SCOTT, O'GORMAN, and BLANCHARD, JJ.

Joseph A. Kent, for appellant.

Marks & Marks, for respondent.

PER CURIAM. The evidence is clear that, after the expiration of the written lease, the tenant held on as tenant with the consent of the landlord, who received the rent regularly from month to month. It is perfectly well settled in this state that under such circumstances the lease is deemed to be renewed from year to year upon the same terms and conditions as were contained in the original lease. Hence when defendant continued in possession after October 15, 1903, he began another 'term of a year until October 15, 1904. Under such circumstances the provision of law limiting certain tenancies in this city to May 1st does not apply. Laimbeer v. Tailer (Sup.) 4 N. Y. Supp. 588, affirmed 125 N. Y. 725, 26 N. E. 756. The letter written by the landlord's firm, erroneously stating that the term would end on May 1, 1904, did not shorten the term. It was clearly written by mistake, and was never accepted by the society represented by defendant as a cancellation of the lease. As the parties had elected to continue the tenancy beyond October 15, 1903, the law fixed the term at one year from that date, and nothing short of a new agreement or a surrender and acceptance would shorten the term. There was no evidence of either. It follows that the judgment must be reversed.

Judgment reversed, and new trial granted, with costs to appellant to abide the event.