CHARLES COUDERT et al., as Administrators, etc., Respondents, *v.* ISIDOR COHN et al., Appellants.

A party entering and paying rent under a parol lease for a term of years, which fixes an annual rental, becomes, by reason of the invalidity of the demise under the statute of frauds, a tenant from year to year, and a continuance of occupancy into a second year renders him chargeable with the rent until its close ; he can only terminate his tenancy at the end of the current year.

The agent of F., plaintiffs' intestate, without having any written authority, executed a lease in writing of certain premises to defendants, for the term of two years and five months, commencing March 1, 1884, at a yearly rent named, payably in equal monthly instalments. Defendants entered into possession and continued to occupy and pay rent up to August, 1885, when they left the premises and sought to surrender possession to F., who declined to accept it. In an action upon the lease, *held,* that, plaintiffs were entitled to recover the rent to March 1, 1886 ; that the rental year then ended and defendants could not before that time terminate their tenancy ; that the time for the termination of the tenancy in any year other than that of the designated expiration of time was governed by the time of entry, not by such designation.

*Schuyler* v. *Leggett* (2 Cow. 663); *People* **v.** *Rickert* (8 Cow. 230); *Doe* **v.** *Bell* (5 D. & E. 471.) distinguished.

(Argued December 18, 1889 ; decided January 14, 1890.)

APPEAL from judgment of the General Term of the Supreme Court in the second judicial department, entered upon an order made February 15, 1887, which affirmed a judgment entered in favor of plaintiffs upon a verdict.

*A. J. Simpson* for appellants. The lease was void because not signed by the plaintiff, or his lawful agent, "thereunto authorized by writing." (2 R. S. 135, § 6 ; 4 id. [Banks, 8th ed.]

2589; Woods on Stat. Frauds, 61.) The yearly term expired on August 1, 1885, and defendants having quitted then were not further liable. (*Doe* v. *Bell*, 5 Term Rep. 471; 2 Smith's L. C. 72; *People* v. *Rickert*, 8 Cow. 231; *Laughran* v. *Smith*, 75 N. Y. 205, 209.) The defendants are only liable for the time that they actually occupied, which is coincident with the expiration of the term, to-wit, August 1, 1885, and consequently there can be no recovery here. (*Thomas* v. *Nelson*, 69 N. Y. 118; *Prial* v. *Entwistle*, 10 Daly, 398; *Smith* v. *Genet*, N. Y. Daily Reg., Nov. 10, 1884; *Thomas* v. *Nelson*, 69 N. Y. 161.)

*Geo. W. Roderick* for respondent. The defendants are liable for the rent included in the judgment appealed from; they having entered into possession under the void lease, a yearly tenancy was created, and they having held over after the expiration of the first year, they are liable for at least another year's rent. (*Loughran* v. *Smith*, 75 N. Y. 205, 209; *Reader* v. *Sayre*, 70 id. 180, 183, 186; *Doe* v. *Terry*, 4 Ad. & El. 274; *Doe* v. *Bell*, 4 Term Rep. 471; 1 Cruise Dig. 281, 284; *People* v. *Rickert*, 8 Cow. 226; *Schuyler* v. *Leggett*, 2 id. 660; *Greton* v. *Smith*, 33 id. 245; *Clayton* v. *Blakey*, 8 Term Rep. 3; *Braythwaite* v. *Hitchcock*, 10 M. & W. 494.)

Bradley, J. The action was brought to recover rent of premises described in a written lease made by the agent of the plaintiffs' intestate to the defendants in January, 1884, for the term of two years and five months, commencing on the first day of March, 1884, and ending on the first day of August, 1886, at the yearly rent of $3,000, payable in equal monthly payments, on the last business day of each month. The authority of the agent to make the lease not being in writing it was void. (2 R. S. 134, § 6.) The defendants went into possession on the first of March, 1884, and continued to occupy and pay rent up to August, 1885, when they left the premises and sought to surrender the possession up to the plaintiffs' intestate, who declined to accept it. He recovered for the amount of rent at

the rate mentioned in the lease from the first of August, to the first of March following.   While the cases are not entirely in harmony on the subject, the doctrine now in this state is such that the defendants on going into possession of the premises and paying rent, became, by reason of the invalidity of the demise, tenants from year to year, and in such case the continuance of occupancy into the second year rendered them chargeable with the rent until its close.   They could then only terminate their tenancy at the end of the current year.   (*Reeder* v. *Sayre,* 70 N. Y. 180; *Laughran* v. *Smith,* 75 N. Y. 205.)

The question presented is:  When did the rental year arising out of such relation commence and terminate?   It is contended by the defendants' counsel that inasmuch as the end of the term designated by the terms of the lease was the first of August, 1886, that was the time when the yearly tenancy in contemplation of law terminated, and, therefore, the surrender was properly made on the first of August, 1885.   It is urged that this view is in harmony with the recognized principle that, although the lease was invalid, the agreement contained in it regulated the terms of the tenancy in all respects, except as to the duration of the term, and *Doe* v. *Bell* (5 D. & E. 471) is cited.   There a farm was, in January, 1790, let by a parole lease, void by the statute of frauds, for seven years, the lessee to enter upon the land when the former tenant left, on Lady-day, and into the house on the 25th of May following, and was to quit at Candlemas.   He entered accordingly and paid rent.   A notice was served upon the tenant September 22d, 1792, to quit on Lady-day.   In ejectment brought against him it was claimed, on the part of the lessee, that his holding was from Candlemas, and, therefore, the notice was ineffectual to terminate the tenancy.   Lord Kenyon, in deciding the case, said and held that "it was agreed that the defendant should quit at Candlemas, and though the agreement is void as to the number of years for which the defendant was to hold, if the lessor choose to determine the tenancy before the expiration of the seven years, he can only put an end to it at Candlemas."   That case has in several instances been cited by the courts of

this state upon the question of the force remaining in the terms of the agreement embraced in a void lease. And in *Schuyler* v. *Leggett* (2 Cow. 663), it was remarked by Chief Justice SAVAGE, in citing it, that such an agreement "must regulate the terms on which the tenancy subsists in other respects; as the rent, the time of year when the tenant must quit, etc." And the citation was repeated to the same effect by the Chief Justice in *People* v. *Rickert* (8 Cow. 230).

The question here did not arise in either of those two cases, nor can they be treated as authority that the time for termination of a tenancy from year to year, in any year other than that of the designated expiration of term, is governed by such designation in a void lease for more than one year rather than by the time of entry. The effect sought to be given in the present case to the case of *Doe* v. *Bell* is not supported by English authority. In *Berrey* v. *Lindley* (3 M. & G. 496), the tenant entered into possession of premises under an agreement void by the statute of frauds, by the terms of which he was to hold five years and a half from Michaelmas. Several years after his entry, and after expiration of the period mentioned in the agreement, the lessee gave notice to his landlord to terminate the tenancy at Michaelmas. It was there contended on the part of the latter, and *Doe* v. *Bell* was cited in support of the proposition, that the time designated in the agreement for the termination of the tenancy governed in that respect. But the court decided otherwise, and held that the notice was effectual to terminate the tenancy. The views of the court there were to the effect, that, although the tenancy was from year to year, the tenant might without notice have quit at the expiration of the period contemplated in the agreement, but having remained in possession and paid rent subsequently to that time, he must be considered a tenant from year to year with reference to the time of the original entry.

The same principle in respect to holding over a term was announced in *Doe* v. *Dobell* (1 A. & E. [N. R.] 806), where it was said that "in all cases the current year refers to the time of entry unless the parties stipulate to the contrary."

The doctrine of the English cases seems to be that a party entering under a lease, void by the statute of frauds, for a term, as expressed in it, of more than one year, and paying rent is treated as a tenant from year to year from the time of his entry, subject only to the right to terminate the tenancy without notice at the end of the specified term.   And to that extent and for that purpose only, the terms of agreement, in such case, regulate the time to quit.   This right is held to be reciprocal.   (*Doe* v. *Stratton*, 4 Bing. 446.)   That proposition is not without sensible reason, for its support.   The lease for more than one year, unless made in the manner provided by the statute, cannot be effectual to vest the term in the lessee, yet in other respects the rights of the parties may be determined by its terms, so far as they are consistent with its failure, to create any estate or interest in the land or any duration of term for occupancy by the lessee. And that principle is properly applicable to such leases. (*Porter* v. *Bleiler*, 17 Barb. 154; *Reeder* v. *Sayre*, 70 N. Y. 184; *Laughran* v. *Smith*, 75 N. Y. 205, 209.)

This view does not aid the defendants.   They became tenants from year to year as from the time of their entry; and although by virtue of the terms of the agreement, in that respect, in the lease, they may have been at liberty to quit on the first of August, 1886, if they had remained until then, such time in that, or the year previous, could not be treated as the end of any year of the tenancy.   The defendants having entered upon the second year from the time of the original entry, it was not within their power to terminate their relation or liability as tenants until the end of the then current year, which did not terminate until the first of March, was reached.

The conclusion, from these views, necessarily follows that the judgment should be affirmed.

All concur, except Brown, J., not sitting.

Judgment affirmed.