# TAKAHASHI *v.* W. KUALU.

## EXCEPTIONS FROM CIRCUIT COURT, FIFTH CIRCUIT.

ARGUED OCTOBER 23, 1905.     DECIDED OCTOBER 24, 1905.

FREAR, C.J., HARTWELL AND WILDER, JJ.

FINDING OF FACT—*held supported by evidence.*

A finding of fact by the trial court jury waived that one purporting to execute a lease as agent of another was given authority so to do, is held supported by the evidence.

STATUTE OF FRAUDS—*error as to, held not prejudicial.*

An erroneous ruling by the trial court that an authority to an agent to make a lease must be in writing in order to be valid even as between the parties to the lease, is held not prejudicial to defendant because, if such error had not been made, judgment would still have to be for the plaintiff and for as large or a larger sum.

### OPINION OF THE COURT BY FREAR, C. J.

This is an action for $2,000 damages for an unlawful eviction. The court, jury waived, found for the plaintiff in the sum of $50 and costs. The defendant comes here on twenty-three exceptions which it will not be necessary to consider in detail.

The court found that the plaintiff entered and claimed to be in possession under a lease for six years, dated August 1, 1900, and signed "W. Kualu per J. A. Akina;" that on the same date plaintiff paid the rent for three years in advance and took a receipt signed "J. A. Akina for W. Kualu;" that Kualu authorized Akina to make the lease but that as such authority was not in writing the lease was void under the statute of frauds, but that, nevertheless, as a result of the entry and payment of rent

thereunder a tenancy from year to year was created, citing *Coudert v. Cohn,* 7 L. R. A. 69 (118 N. Y. 309) ; that certain demands for rent made by Kualu were invalid because made at wrong times and for wrong amounts; and that just at dark on April 26, 1904, the defendant caused the plaintiff's household goods and effects to be removed from the house and nailed up the door, that the plaintiff and his wife and children had no place to lodge and that in consequence of the expulsion certain pigs and chickens were lost to the plaintiff.

Defendant's main contention is that there was no evidence to sustain the finding that Kualu authorized Akina to make the lease. The transcript, however, shows that there was such evidence. To refer to only one witness—Heil Kapu testified, among other things, that he went with Kualu on one occasion when he demanded rent of the plaintiff in 1903 or 1904; that Kualu then demanded three years' rent and said the place was rented for six years and that he was demanding rent for the balance of three years; that the plaintiff refused to pay because Akina was the one to collect, whereupon Kualu said that he was just the same as Akina; that the plaintiff produced the lease for six years and the receipt for three years' rent; that Kualu said the receipt was all right and asked for the balance of three years; that the witness asked Kualu if he appointed Akina as his attorney or agent and he replied that he appointed Akina to administer his affairs; that the witness about a month afterwards again asked Kualu if he had appointed Akina as his attorney and that he replied that he had appointed Akina to look after his business as his agent and said that he trusted in Akina because Akina transacted all his business; that when rent was demanded and Kualu said he owned the land, the plaintiff said that might be but that Akina had given the lease and he knew Akina, and that Kualu then said that he only gave him the right to administer his property—only the right to look after his property, to lease and collect; that when witness cautioned Kualu against trusting Akina he replied that he did trust him and had left it all in Akina's hands; that afterwards Kualu told

the witness that he had written to Akina about the lease but hadn't got any answer and wanted to get the power back again and the papers for the land and everything.

It is further contended that the lease is void for want of written authority to the agent to make it, and the trial court so found. Our statute of frauds (R. L. Sec. 1996) does not require such authority to be in writing and we presume that such oral authority would not be void as between the parties under section 2381, which makes powers of attorney for the transfer of real estate void as to third parties unless recorded. The fact that the trial court erroneously found that the lease was void because the authority to make it was not in writing does not require a reversal of the judgment. That was a ruling in the defendant's favor and if it had been the other way the judgment would still have to be for the plaintiff on the theory that the lease was valid and upon the findings that were properly made by the trial judge, and the amount of damages would have been as great and perhaps greater. The defendant cannot and does not complain of that error.

The exceptions are overruled.

No appearance for plaintiff.

*J. D. Willard* and *A. H. Crook* for defendant.