### FINK v. STANDARD BREAD CO.

(Supreme Court, Appellate Term. May 15, 1908.)

USE AND OCCUPATION—GROUNDS OF OBLIGATION.
 An agreement between plaintiff's husband and defendant relating to the acquisition by the husband of an interest in defendant's business provided that defendant would lease of plaintiff premises for a term at a yearly rental, payable monthly. There was no understanding between plaintiff and defendant for any lease, and at most plaintiff did not object to defendant's occupancy of the premises. *Held*, that plaintiff could recover only on a claim for use and occupation notwithstanding the rule that, where a tenant enters into occupation under a void lease, the provisions thereof regulate the terms of the tenancy, except as to the duration thereof.

Appeal from Municipal Court, Borough of Manhattan, Sixth District.

Action by Louise Fink against the Standard Bread Company. From a judgment for plaintiff, rendered in the Municipal Court, defendant appeals. Reversed, and new trial ordered.

Argued before GILDERSLEEVE, P. J., and GIEGERICH and GREENBAUM, JJ.

Frederick W. Hamberg, for appellant.
George L. Donnellan, for respondent.

GREENBAUM, J. The provision in the agreement between plaintiff's husband and defendant that the latter would lease of the plaintiff the premises in question for a term of years at a yearly rental of $3,300, payable monthly in advance, was not evidence as between the parties to this action of any lease or agreement to lease. The agreement with plaintiff's husband related to his acquisition of an

interest in defendant's business, and the legal effect of the provision as to leasing which was incidental to the main purpose of the agreement, need not now be considered.

It seems to me that this case radically differs from such cases' as Laughran v. Smith, 75 N. Y. 205, 209, and Coudert v. Cohn, 118 N. Y. 309, 312, 23 N. E. 298, 7 L. R. A. 69, 16 Am. St. Rep. 761, relied upon by the learned counsel for the respondent, in which the doctrine is recognized that, where the tenant enters into occupancy of premises under a void lease, its provisions will nevertheless regulate "the terms on which the tenancy subsists in all respects, except as to the duration of the term," for the reason that in those cases the tenant's occupancy was under a supposedly valid lease between the parties, whereas here there is a total absence of proof of any understanding for any lease between plaintiff and defendant. At most, one may indulge in the assumption that plaintiff did not object to the defendant's occupancy of the premises, in view of her husband's agreement with the defendant. The right to a recovery would therefore not rest upon an implied agreement of a leasing from month to month or from year to year, but upon a claim for use and occupation.

The judgment must be reversed, and a new trial ordered, with costs to appellant to abide the event. All concur.