HAWAIIAN TRUST COMPANY, LIMITED, TRUSTEE UNDER THE WILL AND OF THE ESTATE OF ROBERT W. HOLT, DECEASED, *v.* ROSALIA KAHALAOAKA HOLT, JAMES LAWRENCE HOLT, ROBERT HOLT, GEORGE H. HOLT, JOHN DOE, RICHARD ROE AND ROBERT W. HOLT.

No. 1064.

APPEAL FROM CIRCUIT JUDGE, FIRST CIRCUIT.
HON. C. W. ASHFORD, JUDGE.

SUBMITTED APRIL 1, 1918.                    DECIDED APRIL 3, 1918.

COKE, C. J., QUARLES AND KEMP, JJ.

APPEAL AND ERROR.

A party to a suit cannot appeal from a decree therein rendered if he is not thereby affected.

OPINION OF THE COURT BY COKE, C. J.

This cause comes up on the appeal of Robert W. Holt from the decree entered in the above entitled cause. The petitioner, the Hawaiian Trust Company, Limited, trustee under the will and of the estate of Robert W. Holt, deceased, presented a petition in the lower court to have determined the heirs at law of James Robinson Holt, deceased. The will of Robert W. Holt, father of James Robinson Holt, contains the following clause: "Fourth. I give, devise and bequeath to my son James Robinson Holt one-quarter of all my estate, both real and personal, the income of the same to be paid to him by my executor hereinafter named for his use and support for the term of his natural life, and after the death of my said son I give, devise and bequeath the said one quarter to the heirs of said James R. Holt and their assigns." The petition recites that James Robinson Holt died at Honolulu, Hawaii, on or about the 18th day of April, 1916; that respondent Rosalia Kahalaoaka Holt is the widow of said James Robinson Holt, deceased; that respondent Robert Holt of Kalaupapa, Molokai, claims to be a son of said James Robinson Holt; that respondent James Lawrence Holt of Honolulu claims to be an adopted son of said James Robinson Holt; and that certain persons unknown to petitioner, fictitiously named John Doe and Richard Roe, represent the other claimants of any interest in said estate. Petitioner further represents that it has in its possession certain property belonging to the estate and prays for an order determining who are the heirs at law of said James Robinson Holt, deceased, in order that a proper distribution of the property of said estate may be made. The record shows that James Robinson Holt and Margaret Kia were married in April, 1859, and that the respondent Robert Holt was the issue of this marriage; that respondent

James Lawrence Holt was born in 1870 and is the son of James Robinson Holt and the respondent Rosalia Kahalaoaka Holt; that James Robinson Holt was divorced from his wife Margaret Kia Holt on November 26, 1898, and that on the same day he was married to respondent Rosalia Kahalaoaka Holt, mother of the respondent James Lawrence Holt. The appellant Robert W. Holt filed an answer herein denying that respondent James Lawrence Holt is an heir at law of James Robinson Holt, deceased, and alleging that respondent Robert Holt is not the lawful child of James Robinson Holt, deceased; further setting forth in his answer that the appellant is a nephew of James Robinson Holt, deceased, and as such is entitled to one-eighteenth of the property of the estate. He offered no evidence in support of these averments. Indeed there is no evidence in the record to show that the appellant was related at all to James Robinson Holt, deceased. The evidence discloses that the respondent Robert Holt is the son of James Robinson Holt and Margaret Kia Holt born in wedlock. The record further shows that both respondent Robert Holt and respondent James Lawrence Holt by sundry mesne conveyances transferred their interests in the estate to the respondent Rosalia Kahalaoaka Holt, the widow of James Robinson Holt, deceased. After a somewhat protracted hearing the court below entered a decree to the effect that Robert Holt and James Lawrence Holt are the sons and the only heirs of James Robinson Holt, deceased, and as such inherited the property designated in the fourth paragraph of the will of Robert W. Holt, deceased. The court further found that both respondents Robert Holt and James Lawrence Holt had conveyed their interests in the property in question to respondent Rosalia Kahalaoaka Holt and decreed that the same be distributed to her.

The burden of the appellant's grievance seems to be based upon his contention that the court below erred in holding that under the provisions of Section 2996, R. L. 1915, respondent James Lawrence Holt was legitimatized and thereby became an heir of his father James Robinson Holt, deceased. We are disinclined to pass upon this purely academic question of law when our opinion, whatever it might be, could not possibly affect the conclusions to be arrived at. The evidence herein clearly shows that respondent Robert Holt is a lawful son and heir of James Robinson Holt, deceased, and as such, upon the death of his father, either inherited the property in question jointly with James Lawrence Holt, if the latter was a lawful heir of his father, or exclusively if he was not an heir. But in neither event could the appellant be affected even were he a nephew of James Robinson Holt. The appellant has failed to show any interest whatsoever in the property involved in this cause and no rights of his are affected by the decree, and whether the same is correct or not he cannot complain. A party to a suit cannot appeal from a decree therein rendered if he is not thereby affected. *Farmers' Loan & Trust Co.* v. *Waterman,* 106 U. S. 265. See also *Takahashi* v. *W. Kualu,* 17 Haw. 87.

The decree appealed from is affirmed.

No appearance for petitioner.

*Lightfoot & Lightfoot* for appellant.

*Castle & Withington, E. A. C. Long* and *Marguerite K. Ashford* for respondents Rosalia K. Holt and James L. Holt.