MARIA CONCEICAO PIRES, BY FRANK M. PIRES, HER GUARDIAN, *v.* ANTONE M. PIRES AND JOHN PIRES.

No. 1734.

ERROR TO CIRCUIT COURT SECOND CIRCUIT. HON. D. H. CASE, JUDGE.

SUBMITTED JUNE 1, 1927.                    DECIDED JUNE 7, 1927.

PERRY, C. J., PARSONS, J., AND CIRCUIT JUDGE CRISTY IN PLACE OF BANKS, J., ABSENT.

APPEAL AND ERROR—*right of review—necessity for prejudice.*
    A party to a suit cannot appeal from a decree therein rendered if he is not thereby affected.

JUDGMENTS—*essentials—conformity to pleadings.*
    Issues not raised by the pleadings cannot be determined.

OPINION OF THE COURT BY PERRY, C. J.

This is a suit in equity brought by a wife against her husband and one of her sons. The essential allegations of the bill are that the husband left the Territory of Hawaii in July, 1922, and has ever since resided in Portugal; that neither before leaving the Territory nor since his departure has the respondent made any provision for the support or maintenance of the complainant; that the complainant has no property or means for her support, and since July, 1922, has been wholly dependent for her support and maintenance upon other relatives and upon her friends; that the husband is the owner of lands within the Territory; that John Pires, the son, who is made a respondent, is the husband's attorney in fact and is authorized to transact his business affairs. The prayer is that the respondents be required "to pay such amounts

of indebtedness as the petitioner may have heretofore incurred since, to-wit, the month of July, 1922, for her support and maintenance" and that the husband be further required to provide adequate maintenance and support for the petitioner and security for the payment of such maintenance and support for the future, and that upon failure of the husband to so provide support and maintenance "the property within the jurisdiction of this court belonging to the said respondent" (meaning the husband) "may be charged and sequestered with and for such support and maintenance as to this court may be deemed proper". Neither of the respondents filed any answer or other pleading. The husband made no appearance whatever. An order was entered that the bill be taken as confessed; but thereafter evidence was nevertheless adduced in support of the allegations of the bill. A final decree was entered finding the allegations of the bill with reference to maintenance of the petitioner to be true and ordering that a certain tract of land about 1 1/4 acres in area, situated at Kula, Maui, and the buildings thereon, which together had been used by the husband and the wife as their home, be "sequestered and set aside for the sole use and benefit" of the petitioner, "she to have the use and the rents, issues and profits thereof and therefrom for her support and maintenance until the further order of this court or until and unless other adequate provision is made" by the husband "for the support and maintenance" of the petitioner. The decree also enjoined the respondent son "from in any manner or in any way at all, either as the agent or attorney in fact for the said" husband "or otherwise, interfering with or in any manner at all molesting" the petitioner "or her representatives in using, making use of, going upon, cultivating and residing upon the said property and premises hereinabove set aside and seques-

tered for her use and benefit." The decree also adjudged costs in favor of the petitioner and against both respondents.

The husband has not appealed from the decree. The son alone has appealed, in his own right, and not as the representative of the husband. At the hearing at which evidence was adduced the son appeared personally and by counsel and contended that upon the evidence and the record no decree could be rendered against him. Although he is named as a party to the suit and appeared to the extent above stated, he is not entitled to an appeal from the decree insofar as it affects the husband only, and not himself. "A party to a suit cannot appeal from a decree therein rendered if he is not thereby affected". *Hawaiian Trust Co.* v. *Holt,* 24 Haw. 212, 215. To the same effect is *Farmers' Loan & Trust Co.* v. *Waterman,* 106 U. S. 265. See also *Kalanianaole* v. *Liliuokalani,* 23 Haw. 457, 471; and 3 C. J. 629-631. The decree, therefore, insofar as it is directed against the husband, is not open to review in this proceeding,—although it may be added that upon the pleadings and the undisputed evidence it clearly appears to be a just and proper decree, entirely justified and required by the facts of the case. So, also, of the substituted service, by publication and posting upon the premises, which was ordered and made upon the husband. The son is not in a position to complain of this. His rights are not shown to have been thereby affected. Moreover, service of this nature is expressly authorized by R. L. 1925, section 2472, in any proceeding in equity, such as that at bar, "involving or concerning any tangible property, whether real or personal, situated in the Territory".

The language of the decree, however, is such as to make it susceptible of the interpretation that the son, John, is thereby enjoined from claiming, in his own right,

the property sequestered and from enforcing such claim in any legitimate manner that may be open to him. To avoid any such possible misconstruction hereafter we deem it desirable to amend the decree by omitting the words "or otherwise" in the paragraph relating to an injunction against the son, John. Issues not raised by the pleadings cannot be determined. 33 C. J. 1151. There are no allegations in the bill justifying any decree against the son other than in the capacity of agent of the husband. The same is true as to the adjudication relating to costs against the son. No reason appears in the record why costs should be taxed against him. The decree should be amended in that respect also.

Prior to the institution of this suit the petitioner was adjudged to be mentally incompetent. (This suit was brought by her guardian in her name.) The court nevertheless admitted her testimony, against objection. The error, if any, was not prejudicial. With one possible exception, all of the petitioner's testimony related to matters which were clearly proven by other evidence which was undisputed. The exception referred to is that she testified that the son had been entrusted by the husband with the sum of $500 for her support. But while the court found this to be the fact, it also found that John had used the money for unauthorized purposes and the decree contains no requirement on the subject as against John.

The case is remanded to the trial court with instructions to amend the decree in the two respects herein specified. In all other respects the decree appealed from is affirmed.

*A. E. Jenkins* and *Huber, Kemp & Stainback* for plaintiff in error.

*E. R. Bevins* for defendant in error.