# IN THE MATTER OF THE TRUST ESTATE OF JOHN ENA, DECEASED.

## No. 1764.

Argued August 22, 1927.     Decided September 14, 1927.

PERRY, C. J., BANKS AND PARSONS, JJ.

OPINION OF THE COURT BY PERRY, C. J.

In the course of the consideration of certain annual accounts presented by the trustees under a will, questions arose between the life tenants and the remainder-

men as to whether certain expenditures suffered by the estate should be paid out of the principal or out of the income. Seven remaindermen were minors at the time that these issues arose and a guardian *ad litem* for them was appointed and served. Certain others of the remaindermen were at that time as yet unborn and those that were *in esse* were by order of the court appointed as a class to represent those that were unborn. Questions of law involved were argued by counsel for one or more of the life tenants on the one hand and by the guardian *ad litem* on the other hand and a decision was thereon rendered by the trial judge. Subsequently one of the life tenants moved "for the allowance and apportionment of attorneys' fees" in the cause, and upon that motion and after hearing, an order was made requiring the trustees to pay out of the corpus of the estate to the attorneys for the trustees a fee of $1500, to the attorneys for Thomas Ena, one of the life tenants, a fee of $4500 and to the guardian *ad litem* for the infant remaindermen a fee of $3000. From this order the trustees, with the consent of the trial judge, took and perfected an interlocutory appeal to this court. Thomas Ena now moves to dismiss this appeal on the ground of "lack of interest" of the appellants "and because they are not affected by said order nor prejudiced thereby in any manner which would entitle them to appeal therefrom".

It is true that "a party to a suit cannot appeal from a decree therein if he is not thereby affected". *Hawaiian Trust Co.* v. *Holt,* 24 Haw. 212, 215; *Pires* v. *Pires,* 29 Haw. 849, 851; *Farmers' Loan & Trust Co.* v. *Waterman,* 106 U. S. 265, 269. It cannot be correctly said, however, that these trustees have no interest in the litigation and are not affected by the decree. As trustees under the will of the decedent, the appellants are subject to the duty to hold the property of the estate, both principal and income, and from time to time to invest and re-

invest the principal. It is one of their duties, whether so expressly stated in the will or not, to preserve and protect the property, both principal and income, and to see to it that unjust or unfounded claims of creditors are not paid. If a judgment had been rendered in a suitable proceeding in favor of an alleged creditor and against the trustees for a sum of money to be paid, whether out of principal or income, there would seem to be no room for doubt that it would be not only the right but the duty of the trustees to appeal from the judgment to a higher court if they felt or were advised that the judgment was not supported by the facts or by the law. In this instance, certain attorneys have secured the equivalent of a judgment against the trustees for payment of sums of money out of the corpus. In pursuance of their duty to protect the funds of the estate it is the right of these trustees, as we think, to appeal from that judgment or order and to seek a review of the same in the appellate court. The decision in *Castle* v. *Irwin,* 25 Haw. 807, is not an authority to the contrary. It was there correctly held that "the appellate jurisdiction of this court can only be invoked by a party aggrieved by the decision, judgment, order, or decree appealed from." The precise question which arises in the case at bar, however, did not arise in that case. The trustees were held to occupy "a neutral and indifferent attitude in any controversy between the real parties in interest" and it was said that they clearly "ought not to be allowed to litigate the claim of one such interested party as against another such party", but that was said with reference to litigation between contesting beneficiaries under the will. That ruling does not apply and should not be extended to a case such as that at bar. The issue between the life tenants and the remaindermen is not sought to be reviewed by the present appeal. While the life tenants were of age, the remaindermen were all minors and some of them as yet

unborn. In the matter of the fee, the interest of the guardian *ad litem* was in conflict with the interest of the remaindermen. It would seem most appropriate under these circumstances to permit the trustees to contest the allowances that were made to the guardian *ad litem* and to the other attorneys. In our opinion, the trustees are sufficiently interested by reason of their legal title to the property involved and of their duty in the premises to be entitled to appeal from the order in question.

The motion to dismiss the appeal is denied.

*Marguerite K. Ashford* for the motion.

*R. B. Anderson,* contra.