CHARLES A. O'TOOLE, Respondent, Appellant, v. CRANE & CLARK, a Domestic Corporation, Appellant, Respondent.—Cross-appeals in an action for conversion and for treble damages for forcible eviction pursuant to section 535 of the Real Property Law. Judgment in so far as it is in favor of the plaintiff on the first cause of action and order in so far as it denies defendant's motion to dismiss as to the first cause of action reversed on the law and the facts and a new trial granted as to the first cause of action, costs to abide the event. In so far as they set aside the verdict in favor of the plaintiff and dismiss the complaint as to the second cause of action, the judgment and order are affirmed, without costs. The judgment as to the third cause of action is severed, and the judgment and order, in so far as

they reduce the verdict, are reversed on the law and the facts, without costs, the verdict is reinstated and judgment for the amount thereof directed to be entered. In so far as it denies defendant's motion to set aside the verdict as to the third cause of action, the order is affirmed, without costs. As to the first cause of action the court erred in holding that plaintiff's Exhibit 1 was void under the Statute of Frauds in so far as it related to a lease for a term of five years. If it were invalid, then the court was correct in charging the jury that they might find a year to year tenancy arose, and, therefore, a finding of two months' damages was proper. (*Coudert* v. *Cohn*, 118 N. Y. 309.) The case of *Talamo* v. *Spitzmiller* (120 N. Y. 37) is not to the contrary, recognizing as it does the rule in the *Coudert* case, which is applicable herein. Plaintiff's Exhibit 1 contained all the terms requisite to a valid five-year lease, with an invalid provision respecting a five-year renewal, which latter provision may be disregarded. The arrangement that what was set out in that exhibit was to be put in more formal form did not preclude plaintiff from invoking it in its present form, when, because of defendant's fault, it was not put into a more formal document. (*Franke* v. *Hewitt*, 56 App. Div. 497, 501.) Therefore, the jury should have been instructed that they might find damages for the unexpired period of twenty-six months. The jury were properly instructed that they might include loss of profits in their assessment. (*Snow* v. *Pulitzer*, 142 N. Y. 263; *Schile* v. *Brokhahus*, 80 id. 614.) As to the second cause of action the court properly held, by setting aside the verdict of the jury thereon, that no basis existed for an assessment of treble damages under section 535 of the Real Property Law. As to the third cause of action, the court improperly reduced the assessment from $6,736 to $3,080. In doing so it accepted testimony adduced on behalf of the defendant, which testimony the jury were free to reject. The testimony adduced on behalf of the plaintiff established a value as high as $14,700. The jury did not accept that figure, but were not required to accept the defendant's lower figures in view of the purchase price being $7,500 and the addition by plaintiff of two machines, an office safe and certain equipment and the expenditure of money on the existing plant by the plaintiff, all of which enabled the jury to arrive at the amount contained in their assessment. Accordingly the jury's verdict should be reinstated as having ample support in the evidence, which the jury were free to credit. Lazansky, P. J., Young, Hagarty, Carswell and Scudder, JJ., concur.